Opinion of the Court, by
Ch. J. Boyle.
ON the 25th of February, 1780, John Todd, as as-signee of John May, obtained from the court ofcommis- *224 a certificate for a settlement of 400 .acres of lar*di anc^ a pre-emption of 1000 acres adjoining. He afterwards, in pursuance of law, entered the certificate for the settlement with the surveyor, in his own name, and having procured a warrant for th.e pre-emption of 1000 acres, caused an entry to be made thereon with the su rvevor, also in his own name. Having been shortly afterwards killed by the Indians, surveys were made upon these entries, and grants from the Commonwealth were, in virtue thereof, issued to his daughter and heiress at law.
Allegations ef the bill,
Answer.
thedo^osl-l<> tions. '
To obtain from her the legal title, this bill was filed by the heirs of John May, in which they allege that the assignment of the right of their ancestor to John Todd, was made by George May* without any authority to do so, and without consideration, and in trust for their ancestor.
The defendant, in her answer, admits no allegation of the bill material to the right of the.complainants, and insists upon various grounds of defence, not material now to be particularly stated.
In the progress of the suit, two depositions of George May were taken by the complainants, and on the bearing of the cause in the circuit court, were offered by them to be read; but the reading of them was objected to by the defendant, and that court sustained the objections and excluded the depositions, and the bill being thereupon dismissed, the complainants have brought the case to this court by an appeal.
Stript of the support to be derived from the testimony of George May, there can be no pretence that the claim of the complainants ought to be sustained, and it is, thereforó, obviously necessary that we should examine the propriety of excluding his depositions, which were offered to be read by the-complainants, before we enquire into the merits of their claim, and the various grounds of defence urged against it.
Only one of these depositions had been filed in the. Cause before the hearing, the other only having been produced in consequence of exceptions being taken to the one which had been filed.
To the objections taken to the one filed, we shall, therefore, first attend.
These objections are, 1st, that the service of the notice was insufficient; 2d, that the deposition was not *225 •taken in ■conformity to the notice; and 3d, that the-- notice itself, is not reasonable.
(i) TIk- return of a de-she,'*ff' iea.ving a co* py at the h°“tse oi the day ptated^ is a sufficient service of no* depositions!
(2) it áp-^position*0 was taken at the same jtis sufficient^ though it he ca*1f.cb in„the deposition by a different Ila™e; as at occupant of which had been changed
^ -yyj,ere a notice to a lJoP(>-severa^days8 and provide®. that if any thing prevents the taking it on the first (lay, it will be second "and" so on succes-¡lively, and it is not first,"the1 16 eimscmusibe shown by the whoíe behalf it vyas taken,
*225 (1) The deposition was taken on the 30th of Decern-her, 1815, at Powell’s tavern, in Petersburg, Virginia, The notice in virtue of which it was taken, appointed Povvell and Tesdale’s tavern, in Petersburg, as the place-, and named the 9th, the 16th, the 23d and the 30th of December, and the Oth, the 13th, the 20th and the 27th of January, when the deposition would be taken, and expressly provided, that if any thing prevented the taking of it on the first of these days, it would be taken on the second of them, and so on successively. The notice was served by the deputy sheriifof Fayette coupty, where the defendant lived, and was returned by him, executed by leaving a true copy at the house of Mary O. Russell, 22d of November, 1815.”
The objection to the sufficiency of the service of the notice, eaunol, we apprehend, be sustained. The cash of Knox vs. Dye, 1 Bibb 573, is decisive against this objection. Thai, it is true, was a noticé of a motion to be made in court; but the principles-of (he case are equally applicable to a notice to take depositions; and, indeed, it is clear, if such a return of service of the notice by an officer be sufficient in the former case, that it must much more unquestionably be deemed tobe so in the ¡alter.
(2) The objection that the deposition was not taken in conformity to the notice, is, we think, entitled to more weight. This objection was probably originally taken ■in the court below, upon the ground of the apparent discrepancy between ‘-Powell’s tavern,” where the deposition purports to have been taken, and “ Pozoell and Tesdale’s tavern,” the place appointed in the notice fur taking it; but .this is shown to be only a difference m the name oí Inc same place, and not a diversity of place, the name having been changed in consequence of a change in the ownership; and, consequently, this ground of objection must fail. ■ .
. (3) But there is another ground for the objection, Which has not been obviated, and which we deem tobe ©f a more fatal character, and that is with respect to 'the time the deposition was taken. The deposition was taken, not on the first day named in the notice, but on the fourth of those days, and it is not shown that there was any thing which prevented the taking of the *226 deposition on the first, or either of the intermedinió days. But the notice, as we have already stated, was to take the deposition on the first day named, and only provided for taking it on the second, if any thing happened to prevent its being taken on the first, and in that case it Was to be taken on the second, unless something prevented it from being done, and so on successively, throughout the whole of the eight days name<^ the notice. According, therefore, to thelit-oral import of the notice, the deposition Could not be taken in conformity to it, upon any day named therein, subsequent tó the first,.unless there had been an honest effort to take it on each off he preceding days named, and something had prevented it from being done; and as (;[le deposition is taken on th'e fourth day named in. ^ notice, and nothing is shown to have prevented its being taken on either of the preceding days, it necessarily follows, that the deposition cannot in truth and propriety, be said to have been taken in conformity to the notic’e. It does not, indeed, appear that the complainants had not made an effort to take the deposition ,on each preceding day; and had not been prevented from doing so‘; but to require the defendant to show this* would be requiring what the law never does require, the proof of a negative. Besides, to entitle a party to ¡read a deposition, it must, in all cases, be shown to have been taken in pursuance of a notice; and, of course, Where, by the terms of the notice; as in this case, the taking the deposition on a particular day, is made to depend upon a previous contingency, the contingency' must be shown affirmatively to have happened, before the deposition ’can bé read. To admit, therefore, (he "deposition in this case to have been taken in conformity to the notice, without requiring it to be shown that something had happened to prevent its being taken on each of the preceding days named in the notice, would be utterly tb disregard the condition upon which alone, according to the terms of the notice, the deposition was to be taken on any of the days named, subsequent to the first. On this construction of the notice, the complainants might, at their will and pleasure, have taken the deposition with equal propriety, on any one of the days named, and such was assumed-in the argument to be the legal effect of the notice; but the assumption was arbitrary and gratuitous, and being equally repugnant to *227 the letter a,ncj.obvious intent of (be notice, is wholly unwarranted by any known rale of interpretation. ■
a prove sional notice takoileP°-day subse-quont to that ^ mllv UjKler particular ^cu“s,:an' sonable to spread the subsequent S&lXar two mouths, where the t/^^d^s0' more than, 500 milqs spnable.
Th . party may appoint an a-sition«, which requires what-is'um-easona.-sc]f to do, hi insufliciejit,.
(4) Admitting, however, such to be the legal effect of the notice, (he third,.objection to reading the tion, that is, that the nptioe itseif wqs not reasonable, would occur., There is no doubt that a provisional notice to take a deposition on a day subsequent to that which is first named for that purpose, may, under-par-ticulnr circumstances, I«,reasonable; but we shouid have great hesitation in saying, that a notice like the present, provisionally to take the deposition on seven days subsequently to the first, spread, overa period of near two months, and at a place proved, to be upwards of five hundred, miles from the residence of the party, notified, was a. reasonable notice. We. should be inclined to think it was, not, ' ' ' ' " ' ‘
But as the deposition, was not'taken in conformity to the provisions of the notice, and-cannot, on that ground, be read, unless those provisions should be tre.ated.as haying no effect, we shall-now consider the notice as if it were striptof those provisions, and-equally justified-- the taking of the deposition on any one of the days.named, regardless of the conditi-op upon which the nqtice dc-dared it should be done.
Thus considered, we.can hardly suppose that any argument can be required to-p.rove.that the- notice is not reasonable. Such a notice would either require the party notified to surrender the right of cross, examination,, the benefit of which is,the.only-purpose to be at*, tained.-by requiring, notice, or it would impose upon, him, at the wili-and, capr.ice of the opposite party, the,, necessity of attending at the place appointed-,,in the notice, on. every day named throughout the whole period-, ojf near.two months, ov.er which they are spread,. Such attendance, at-the distance of. upwards of five handled; miles fronythe residence of. the party, wouiffobviously, be extremely inconvenient, vexatious and; oppressive, and a notice which.vvonl&require it, cannot be deemed reasonable.
(5) To obviate.-thig objection, it was urged that the defendant might- have appointed an, agent, resident at the place of taking the deposition. But although the law allows to all the privilege of transacting their business by agent, it compels no man.to do so, and a notice which requires a.party. vv,hp is capable and disposed.to *228 transact his own business, to do what is unreasonable for him to do in person, cannot be deemed a reasonable
(6) Notice to sUion^nTa* days, at a placo 500 miles distant, is unreasonable.
Wic/cliffa and Crittenden, for appellants; Clay,'lor ap* pellee.
Upon the whole, therefore, we think this deposition was properly excluded by the circuit court.
(6) With respect to the other deposition, little need be said to show that it was properly excluded. The n°tice was served on the defendant at Lexington, on the 18th of April, 1815, thatthedeposition would be taken on the first of May thereafter, at Petersburg, Virginia, ]eavjn£, a nCriod of only twelve days between the dav . p . f. ,. J , r ,, , . . t on which the notice was served, and the day on which the deposition was taken, for preparing and performing a jou/ney of upwards Qf'five hundred miles. To require this to be done, would be requiring what, if not impracticable, would be at least extremely unreasona* ble.
The decree must be affirmed with costs,