Judge and Justices of Hickman County Court vs. Moore, &c.

CASE 23—MANDAMUS—JUNE 24.

# Judge and Justices of Hickman County Court vs. Moore, &c.

APPEAL FROM HICKMAN CIRCUIT COURT.

1.  Although the first section of the act of February 14, 1864 (*Myers' Sup.*, 279), may seem to have constructively repealed the 1*st section of chapter* 44, *Revised Statutes*, by requiring, in case of insufficient jails, the circuit court to order the translation of prisoners to the more secure jail of some other county, yet the subsequent act of February 4, 1865 (*Myers' Sup.*, 257), amending *chapter 44 of the Revised Statutes*, and prescribing the per diem of guards summoned for the safe-keeping of prisoners confined in jail, must have the legal effect of reviving the entire *chapter 44, Revised Statutes*. ·

2.  The allowance by the circuit court of the claims of guards summoned by its order to guard the jail being *ex parte*, and without citation to the county court or the appearance of its attorney, is only *prima facie* evidence of the justice of the accounts as allowed, the guards having, by their gross misconduct and unfaithfulness, permitted the prisoners to escape. If such reckless negligence did not forfeit all title to compensation for services actually rendered, it certainly ought to deprive them of full pay. A mandamus is not the proper remedy for deciding the controverted facts. The county court were right in refusing to make the levy to pay the amount allowed by the circuit court as demanded.

JOHN RODMAN,                                    For Appellants,
                        CITED—

    1 *Revised Statutes, sec. 1, chap.* 44.
    *Act of Feby.* 14, 1864, *Myers' Sup.*, 279.
    2 *Bibb*, 98; *Adams vs. Ashby.*
    2 *Dana*, 345 ; *Hickman vs. Littlepage.*

E. I. BULLOCK,                                    For Appellees,
                        CITED—
    *Myers' Sup.*, 279. ,

Judge and Justices of Hickman County Court vs. Moore, &c.

WILLIAM LINDSEY,                                    On same side,

CITED—

2 *Dana*, 345–6.

2 *Bibb*, 98.

*Rev. Stat., chap.* 44, *and Myers' Sup.,* 254 *and* 279.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The circuit court, "satisfied," as its record states, that the jail of Hickman county was insecure, ordered the jailer to summon three persons to help him to guard three prisoners, who had been committed to it on criminal charges. Their accounts for their services, verified by the jailer, and amounting, in the aggregate, to nearly one thousand dollars, were allowed by the same court at a subsequent term, and certified to the court of claims of Hickman county, on which the 1*st section of chapter* 44, *Revised Statutes* (*p.* 582), devolved the cost of guarding an insufficient jail. On a certificate of refusal to allow the accounts and make a levy to pay them, the claimants petitioned the circuit court for a peremptory *mandamus* to compel the allowance and levy. In response to the citation on that petition, the justices alleged that the guards had all been unfaithful, and that, in consequence of their negligence, the prisoners had escaped. The evidence on that issue conduced sufficiently, in our opinion, to prove the facts relied on by the answer. But the circuit court, thinking either that its allowance of the claims was conclusive, or that the answer was not sustained, or that, even if the escape might have been prevented by a vigilant guard, the services actually rendered should be compensated, ordered the mandamus as prayed for.

The appellants from that judgment urge its reversal on two grounds—1st. The alleged repeal of the 1*st section of the* 44*th chapter*, under the supposed authority of

which the circuit judge ordered the guard and made the allowance; and 2d. The infidelity of the guard.

We adjudge the first ground untenable, because, although the first section of an act of the 14th February, 1864, may seem to have constructively repealed the *1st section of chapter* 44, by *requiring*, in cases of insufficient jails, the circuit court to order the translation of prisoners to the more secure jail of some other county (*Myers' Sup.*, *p.* 279), yet a subsequent enactment (*Ib.*, 257), *amending chapter* 44, and prescribing the *per diem* of " guards summoned for the *safe-keeping of prisoners confined in jail*," must have the legal effect of reviving the entire *chapter* 44.

But, on the last ground, we are of the opinion that the order for the *mandamus* was erroneous.

The allowance of the claims by the circuit court being *ex parte*, and without citation to the county court or the appearance of its attorney, is only *prima facie* evidence of the justice of the accounts as allowed, and did not therefore preclude this litigation. And, whatever remedy the appellees may have, or whether any at all, we cannot concur with the circuit court in its judgment.

It seems to us that, on the facts, the entire claims, as allowed, are not just; and it might be gravely questioned whether the appellees are entitled to any compensation. But, however this may be, as the allowance by the circuit court is not conclusive, and the appellees are not entitled to the whole of it, a petition for a *mandamus* is not the proper remedy for deciding the controverted facts.

The testimony shows, that, on several occasions, some of the guards were drunk, and none of them in sight of the jail; and there can be no doubt that, when the prisoners escaped, no one of the guards was, or, for about

an hour, had been, near enough to the jail to see it or hear the operations of the prisoners in breaking the wall. If such reckless negligence did not forfeit all title to compensation for services actually rendered, it certainly ought to deprive them of full pay. Had any one of the guard been at the jail when the prisoners were making the breach, they could not have escaped; and, in all such cases, at least one of the guard ought always to be at the jail sober and awake. And for this much care all of them are responsible. It is evident that the escape resulted from a culpable neglect of duty by every one of the guard. They all, therefore, frustrated the only object for which they had been employed, and the jail would have been as securely guarded without them. We need not decide that they are not entitled to any pay; but we do decide that they are not entitled to the amount which the *mandamus* requires the county court to levy and pay; and, consequently, that the appellants were right in refusing to make the levy as demanded.

Wherefore, the judgment is reversed, and the cause. remanded, with instructions to dismiss the petition for a *mandamus*.