CASE 5—PETITION ORDINARY—June 23.

# Garrard County Court v. McKee.

## APPEAL FROM MERCER CIRCUIT COURT.

1. A COUNTY CAN EMPLOY COUNSEL TO DEFEND A SUIT AGAINST IT.— Garrard County, by its county court, as a *quasi* private corporation had power to employ counsel to defend a suit against it and test the validity of the subscription of that county for stock in the Kentucky River Navigation Company, and to bind the county for a reasonable fee to such counsel.

2. ADJOURNING AND SIGNING ORDERS OF COUNTY COURT.— County courts have power to adjourn from day to day, but they are not required to adjourn each day when they cease to transact business. They may, if they see proper, treat the entire time they are in session as one day, and make and sign but one adjourning order. (Dye v. Knox, 1 Bibb, 575.)

3. FROM WHAT ACTION OF COUNTY COURT AN APPEAL WILL NOT LIE.— The act of March 1, 1867, providing for appeals from orders of county courts allowing or refusing appropriations, does not apply to claims or demands against a county growing out of a transaction founded upon a grant of power constituting it a *quasi* private corporation.

4. *Mandamus is not the appropriate remedy where the amount of the demand is not ascertained,* but suit to ascertain the amount is proper. (Hickman County Court v. Moore, 2 Bush, 108.)

5. *The judgment of a county court as to what is beneficial to the county,* and the employment of counsel by the county to effect the object, can not be questioned in a suit by such counsel against the county to recover his fee.

W. O. BRADLEY, . . . . . . . . . . For Appellant,

CITED

Revised Statutes, 1 Stanton, pp. 187, 329, 467.
Myers's Supplement, 207, 208, 260.
Civil Code, sections 15, 16, 120, 526, 733.
MS. Opinion Supreme Ct. Kansas, Oct. 31, 1871,
McNiel, &c. v. Hart, &c.

MS. Opinion, Jan., 1858, Fulton v. Pendleton Co. Ct.
1 Acts 1871, page 9.
1 Bibb, 575, Dye v. Knox.
2 Mar. 606, Talbot v. David.
1 J. J. M. 108, Commonwealth v. Chambers.
1 Met. 65, Raymond v. Smith.
2 Met. 56, Maddox, &c. v. Graham & Knox.
3 Bush, 164, Arnold v. Smith.
4 Bush, 307, Fletcher v. Leight & Barret.
8 Bush, 306, Mercer Co. Ct. v. Ky. Riv. Nav. Co.
8 Bush, 209, Shelby Co. Ct. v. Cumberland & Ohio R. R. Co.
2 Sandf. (S. C.), 468, Brady v. Supervisors New York.
2 Cow. 583, Mallory v. Supervisors Broome.
1 Acts 1867, page 74.
9 Bush, 317, Paul v. Bruce & Co.
14 B. Mon. 172, Bush v. Madeira.
18 B. Mon. 852, Anderson Co. Ct. v. Stone & Son.
19 Johns. 259, Hall v. Supervisors Oneida.
10 Wend. 363, People v. Supervisors Columbia.
18 Johns. 242, Bright v. Supervisors Chenango.
12 Wend. 257, People v. Supervisors Albany.
10 N. Y. 260, Martin v. Supervisors Green.
12 Wis. 510, Orton, &c. v. The State.

T. P. HILL, }
A. J. JAMES, }                                    For Appellee,

CITED

Civil Code, section 523.
Revised Statutes, chapter 4, article 3.
Revised Statutes, 1 Stanton, pages 327, 329,.249.
Myers's Supplement, page 137.          10 N. Y. 260.
8 Bush, 300, Mercer Co. Ct. v. Ky. River Nav. Co.
9 Wheaton, 904, Bank of U. S. v. Planters' Bk., Georgia.
3 J. J. M. 205, Waller v. Bank of Ky.
7 Cranch, 299, Bank of Columbia v. Patterson.
1 Morehead and Brown's Stat., page 502, Act of 1748.
2 Mar. 603, Talbot v. David.
1 Bibb, 575, Dye, &c. v. Knox.
4 U. S. Digest, new series, page 202.
1 Greene, 413.        5 Iowa, 380.        6 Cal. 254.
2 Greene, 469.        17 Iowa, 413.        9 Ind. 502.
3 Blackstone, page 110.
6 Bacon's Abr., "Mandamus," page 418.

12 Wheaton, 40, Clarke v. Mayor of Washington.

22 Ill. 175, Knox v. Arms.

13 Cal. 533, Smith v. Mayor of Sacramento.

35 Cal. 664, Hornblower v. Duden.

18 Min. 60, Raymond v. Commissioners of Stearns Co.

34 Iowa, 309, Armstrong v. Tama County.

15 B. Mon. 155, Harrison Co. Ct. v. Smith's ex'r.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The act of March 1, 1865, authorized the county courts of the several counties bordering on the Kentucky River or interested in its navigation to subscribe for stock in the Kentucky River Navigation Company. The power thus conferred and the rights and duties incident to and growing out of such power are in their nature distinguishable from the ordinary powers and functions devolved on county courts, as representatives of the political or civil subdivisions of territory known as counties, for the purposes of said act.

The counties in question were constituted *quasi* private corporations, with the right to become stockholders in another corporation strictly private. The county courts, composed of a majority of the justices of each of the respective counties, were by the act made the representative of each of their said respective *quasi* private corporations. In all matters growing out of this act, and as to all steps taken by either of said courts, the county represented may, and by virtue of its provisions must, be treated as a private corporation.

When the county court of Garrard County caused to be entered upon its record the order directing Wherritt as its agent to subscribe for one thousand shares of the capital stock of the Kentucky River Navigation Company it was acting under the authority conferred by the act of March 1, 1865; and although the subscription was held not to have been made complete and binding, and therefore not enforceable, still as to this act, and as to all its legitimate and natural consequences, the county of Garrard must and will be held to the same re-

sponsibility as though it was a private corporation. Its agent and representative, the county court, could speak only through its records; but, having so spoken, the county is bound for the consequences of the act, just as a purely private corporation is bound by the acts of its directory when established by legal evidence.

When the Kentucky River Navigation Company asserted that the order of the county court and the act of Wherritt out of court amounted in law to a subscription for one thousand shares of its capital stock, and took steps to enforce the payment of the amount claimed to be due and owing on account of said alleged subscription, the county court had the right in its representative character to employ counsel to make defense for its constituent, and to bind the *quasi* private corporation known as Garrard County to pay to the counsel so employed such fee as might in good faith be agreed upon, or, in the absence of an agreement as to amount, a reasonable and proper fee for such services as might be rendered.

The order of the 25th of October, 1869, directing the appellee to "assist the county attorney in guarding the interest of the county in regard to the motion to levy a tax upon the county for the purpose of paying the subscription to the Kentucky River Navigation Company," is a sufficient evidence of his employment, and it does not by its terms or by necessary intendment confine his employment to the motion then pending, or about to be made, before the court of claims for Garrard County, and subsequent developments show clearly that the court itself did not so understand it.

The effect of this order can not be escaped upon the idea that the orders of the court were not signed as required by subsec. 1 of sec. 5, art. 21, chap. 27, Revised Statutes. Although the order-book shows that the court was open on more than one day, it does not show that it adjourned at all on the day the order employing appellee was made. County courts

have the power to adjourn from day to day, but they are not required by law to adjourn each day when they cease to transact business. They may, if they see proper, treat the entire time they are in session as one day and make and sign but one adjourning order. (Dye v. Knox, 1 Bibb, 575.)

In this case the 25th and 30th days of October are treated as one day, or as one continuous session of the court, and the adjourning order, and signature of the presiding judge entered on record on the 30th, are a sufficient compliance with the statute.

McKee's petition shows that by virtue of this employment he represented the county court in the proceeding for a mandamus instituted by the Navigation Company in the circuit court, and that pursuant to another order of the county court, made after the mandamus was awarded by the circuit court, he prosecuted an appeal to this court, and succeeded in having the judgment of the circuit court reversed and the action of the Navigation Company defeated. Said last-named order is in these words: "On motion, it is ordered that the attorney for the county be and he is hereby authorized and empowered to prosecute in the name of the county an appeal to the Court of Appeals in the above-stated action," i. e., the action of the Navigation Company v. the Garrard County Court.

Upon appellant's demurrer it is insisted that this order was directed to the county attorney, and not to appellee.

At the time this order was made it was not the duty of the county attorney to prosecute the appeal, nor to appear in behalf of the county of Garrard, in any other than the courts held in Garrard County. (Art. 3, chap. 4, Revised Statutes.) The county court might have authorized him to represent the county in this court, but as it was not his special duty to prosecute the appeal, the order can not be held upon its face to apply to him. Further than this, it is not directed to the "county attorney," but to "the attorney for the county." That

the language used was not the result of inadvertence is manifested by the fact that in the first order the term "county attorney" is used.   We regard the order as clearly applicable to McKee.

Another objection urged on the hearing of the demurrer was that the county court had no power to employ counsel to represent the county, and thereby to charge it with the payment of attorney's fees.   Whatever may be the law in cases pertaining exclusively to the business and interests of the county in its political and governmental character, there is no ground upon which the power of the county court to employ counsel in cases affecting Garrard County as a *quasi* private corporation can be questioned.   The demurrer was properly overruled.

The application for a change of venue was made in open court and at a regular term, and appellant appeared and resisted the motion.   This appearance obviated the necessity for notice.

The fact that appellee was allowed to file a new petition instead of being required to have a commissioner appointed to take proof as to the contents of the original petition, which had been lost, did not prejudice the substantial rights of appellant.   It is not complained that the new petition differs in any particular from the old, and the answer which appellant was allowed to file puts in issue every material averment of the substituted pleading.

The plea in bar was not good.   The act of March 7th, 1867, does not apply to claims or demands against a county growing out of a transaction founded upon a grant of power to the county in the character of a private corporation.   Appellee was not bound to appeal from the order refusing him the allowance asked.

Nor was he bound to proceed by mandamus.   The amount due him, if any thing, had not been ascertained, and could not

be agreed on.  In such a state of case mandamus is not the appropriate remedy. ˙ (Hickman County Court v. Moore, &c., 2 Bush, 108.)

The object of this action is to ascertain the amount that appellee may compel the county court to pay or to provide for, and he has resorted to the proper mode to have said amount ascertained.

All evidence tending to show the opinions of the various members of the county court as to the legal effect of the orders made, and as to the intention of such members in making them, might well have been excluded from the jury as irrelevant.  But as the orders establish McKee's employment, and as the court would have been bound so to instruct the jury, the admission of this irrelevant testimony could not have prejudiced appellant.

We are not prepared to say that the court below did not err in admitting evidence fixing the value of appellee's services, upon the hypothesis that his fee was to be contingent upon success; but this error was corrected by instruction No. 12, given at appellant's instance.  By that instruction the jury were told "that they were to find on the basis of a certain fee, and in estimating his (appellee's) services or the value thereof" they were not "to regard any contingency or contingent contract as attaching to or regulating his fee in the case."

The court properly held that the judgment of the county court as to what was beneficial to the county was conclusive so far as this case is concerned, and that the jury could not in this trial enter into an investigation of the collateral issue which appellant sought to raise as to whether, in resisting the motion for the mandamus and in prosecuting the appeal·to this court, McKee was in point of fact guarding the county's interest.

Upon mature consideration we can not say that the form of the judgment is objectionable.  The act of January 12th, 1871, ·authorizes the county court to "levy a tax upon the same prop-

erty that is taxable for ordinary state and county purposes," to be collected by the sheriff, or in lieu thereof to issue the bonds of the county and sell them to raise the amount necessary to pay appellee, or with his consent to assign said bonds to him to an amount equal to his claim.

The verdict and judgment ascertain and fix the amount to which appellee is entitled, and it was proper that the circuit court should. adjudge that the defendants in the court below, who compose the county court for Garrard County, should cause the judgment to be satisfied by the exercise of the power vested in them by the act before mentioned.

Judgment affirmed.

11b 241
96 405

11bu241
113 841
113 885

11bu 241
123 297

CASE 6—PETITION EQUITY—JUNE 26.