## PUSEY & SUMMERS v. MEADE COUNTY.

**Bridges—Compensation for Building County Bridges.**

The agreement of the county justices to pay for the erection of a bridge is not binding unless their action is official, and to show this the record of the county court must be produced.

**Liability of County to Pay for Bridge.**

> If a bridge is directed to be built by an order of court without any price being named, or if the price was named and it becomes necessary to sue for its value, the county may be sued and the amount due the contractor be ascertained by the verdict of a jury or judgment of the court.

**Mandamus.**

> Where a contractor has secured a judgment against the county for building a bridge, he can compel the county court, by mandamus, to make a levy to raise money to pay such judgment.

APPEAL FROM MEADE CIRCUIT COURT.

June 21, 1877.

Opinion by Judge Pryor:

The demurrer to the petition was properly sustained. The only mode by which the county can be made liable in a case like this is by the action of the county court or court of claims, evidenced by the order of court authorizing the work. The agreement by the justices to pay is not binding, unless their action is official, and to show this the record of the county court must be produced.

In this case a mere promise is alleged by reason of the execution of the work, the use of the bridge by the county, and its liability for the reasonable value of the structure. It is nowhere alleged that the county court, by any order, directed the work to be executed, or any reason why the employment was not made a matter of record.

The promises of the justices out of court create no obligation on the county to pay. If the bridge was directed to be built by an order of court without any specified price, and the appellant was the contractor, or if the price had been fixed and it became necessary to sue for its value, we see no reason why the county, like any other corporation, may not be sued, and the amount, if any, due the contractor, ascertained by the verdict of a jury or judgment of a court.

The party may not be able to enforce his judgment by the levy of an execution, but having ascertained the sum due him can compel the county court by mandamus to make a levy on the property of the citizens of the county to pay it, as in the case of other claims due by the county. The judgment sustaining the demurrer is *affirmed.* See *Gerrard County Court v. McKee,* 11 Bush 234.

*Brown & Chelf, for appellants.*
*Lewis & Fairleigh, for appellee.*