CHIEF JUSTICE SIMPSON
delivered the opinion op the court:
King brought this action against Dodd, and alleged in his petition that the defendant, by his two promissory notes, agreed to pay the plaintiff the sums of two hundred and eighty-two dollars and forty cents, and of sixty-five dollars, and stated the time when each note became due. He alleged that both notes were due and unpaid, and filed them with his petition.
A judgment was rendered against the defendant by default, and he has appealed to this court.
The notes, which were filed with the plaintiif’s petition, are payable to Mary Bussing, and not to the plaintiff; and this variance between the notes and the allegations in the petition is relied upon by the appellant for the revei’sal of the judgment.
On the other side, it is argued that the notes sued on do not constitute a part of the record, and to sustain this position, the case of Hill, for the use of Wintersmith, vs. Barrett, &c., (14 B. Mon., 84,) is referred to. It is also contended that the variance cannot, under the provisions of the Code of Practice, be deemed material, even if the notes are to be regarded as part of the record.
By the 145th section of the Code, it is provided that if the action, counter-claim, or set-off, is founded on a note, bond, bill, or other writing, as evidence of indebtedness, it must be filed as a part of the pleading, if in the power of the party to produce *432 it. When filed, it becomes a part of the pleading, and is thus made a part of the record. Under the former mode of pleading, the plaintiff was required to make proferí of the writing upon which the action was founded. This profert, however, was merely an offer to produce, the writing, if its production were called for. Unless, therefore, oyer of it was craved by the defendant, or it was used as evidence upon the trial, it did not form a part of the record. Now, however, it is expressly made a part of the record by the foregoing provision in the Code. In the case referred to, it was conceded that the writing filed as part of the petition was thus made a part of the record, but it was decided that its being part of the record did not dispense with any allegations, on the part of the plaintiff, which were necessary to set forth facts sufficient to constitute a cause of action.
Deeds or other writings, which either party may rely upon, and which by the 155th section of the Code are required to be filed, are not made a part of the pleadings, and are not, as was decided by this court in the case of Vaughn vs. Mills, (18 B. Mon., 634,) made a part of the record, merely by the filing of them with the pleadings.
As then the notes sued on constitute a part of the record, the question arises, what is the effect of the variance between them and the allegations contained in the plaintiff’s petition ?
The plaintiff sued upon the notes as if they were made directly payable to himself. The notes are payable to another person, and there is nothing alleged in the petition which shows that he has any right to them. They are the foundation of his action, and unless he states facts sufficient to make it appear that he has some right or title to them, his petition must be regarded as defective. He did not allege in his petition that the notes had been assigned to him, or that they were executed for his benefit, or that he was entitled to them by contract with the payee, or any other fact which showed that he had a right to them. There is an assignment upon each note from the payee to the plaintiff, but it is not alluded to in the petition, or made the foundation of the plaintiff’s claim to the notes, and is not, therefore, made a part of the record; and if it were a *433 part of the record, the plaintiff’s petition would still be defective, according to the decision in the foregoing case of Hill, for the use of Winter smith, against Barrett, &e., for failing to allege that the assignments had been executed, and thereby showing that he had a right of action on the notes sued on.
Section 156 of the Code is relied upon to show that the variance in this case should not be deemed material. But the provision contained in that section, which is, that a variance between the allegation in a pleading and the proof is not to be deemed material, unless it has actually misled the adverse party to his prejudice, must be considered in connection with the other sections of the Code on the same subject. Section 158 provides, that where, however, the allegation of the claim to which the proof is directed is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the previous section. Here the allegation of the claim made by the. plaintiff is unproved in its general scope and meaning, for it is wholly unsustained by the writing sued upon, and the variance is therefore material, and fatal to the claim asserted in the petition. It is not such an error as should be disregarded because it does not affect the substantial rights of the adverse party. It is a substantial error, which affects the claim of the plaintiff, and shows that he was not entitled to a judgment against the defendant upon the allegations contained in his petition.
Wherefore, the judgment is reversed, and cause remanded, that the plaintiff .may amend his petition, and for other proceedings consistent with this opinion.