Totten vs. Cooke.

---

CASE 58—PETITION ORDINARY—SEPTEMBER 30.

# Totten vs. Cooke.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. C. sold to T. " all the wood he is to receive of the A.'s, about 3,800 cords, * * * delivered at the foot of the wood chute on said T.'s farm," &c. " Said C. agrees that said wood shall be good steam wood, and good measure. Said T. agrees to receive the wood of the A.'s for C., and pay them fifty cents per cord when they have fifty or more cords at a time," (which sum is to be deducted from the price to be paid by T. to C.) " Further, said T. agrees to pay C. for the first thousand cords on the first day of May, 1854, eight hundred dollars, and the balance in three payments, due 1st May, 1855, 1856, and 1857. It is further agreed that the last payment is not due until the last of the wood is delivered," &c. *Held*—In a suit by C. against T. for balance due upon the wood, that the place of measurement of the wood was where it was cut and corded when T. received it from the A.'s for C., and not at the place of delivery— a construction fortified by the fact that the purchaser thus acted.

2. In such case, although all the wood had not been delivered to T. before the commencement of the action—a few cords remaining undelivered—yet, it being proved that he agreed to look to the A.'s and not to C. for it: *Held*—that the contract had been complied with by C.

3. In an action on a contract for the sale and delivery of wood to recover the price, the last installment of which was not to be paid until the delivery of all the wood, it is sufficient to allege in the petition that the plaintiff " had performed all the conditions of the contract on his part to be performed," (*Civil Code, sec.* 149,) without averring in terms its delivery.

4. A note sued on is not fully described in the petition, as its date was not stated; but its amount, and the time it was payable, are stated, and it is alleged that the defendant is indebted to the plaintiff in the amount thereof, the whole of which is unpaid; and the note is filed with and made part of the petition. *Held* — That the petition is sufficient.

5. When the note is filed with the petition, an averment that the defendant is " indebted to the plaintiff in the sum of $779 78 due by *note herewith filed:*" *Held*—Sufficient to make the note a part of the petition.

6. If the obligor of a note authorize the obligee to raise money to pay the note, and he does so, the obligor is not responsible for usurious interest paid, although he authorized it to be paid, or knowing it to have been paid, sanctioned or approved it. The case of *Morton and Humphreys vs. Legrand* (2 *Litt.*, 326) cited and approved.

7. When the petition contains several causes of action founded on unconnected and separate contracts, and the claim of the plaintiff under each contract is determined by the verdict, and the judgment is entered accordingly, which is correct as to one of the causes of action but erroneous as to the other, it will be reversed as to the cause of action in the trial of which the error was committed, and affirmed as to the other.

Cooke sued Totten on two separate causes of action—one for $640, balance due on a wood contract, and the other for $779 78, due by note. The contract declared on in the first paragraph of the petition is as follows:

"TRIMBLE COUNTY, KY., August 22, 1853.

"Article of agreement, made and entered into this 22d day of August, 1853, between Dr. George E. Cooke, of the county of Jefferson, and John Totten, of Trimble county, witnesseth, that the said Cooke has this day sold the said Totten all the wood he is to receive of the Averitts—about thirty-eight hundred cords, more or less—for the sum of one dollar and thirty cents per cord, delivered at the foot of the wood chute on said Totten's farm, recently sold to Dr. Hopson. Said Cooke agrees that said wood shall be good steam wood, and good measure. Said Totten agrees to receive the wood of the Averitts for Dr. Cooke, and pay them fifty cents per cord when they have fifty or more cords at a time, which fifty cents shall be deducted from the one dollar and thirty cents above agreed to be paid.

Totten vs. Cooke.

Further, said Totten agrees to pay Dr. Cooke for first thousand cords, on the 1st day of May, 1854, eight hundred dollars, and the balance in three payments, due the 1st of May, 1855, 1856, and 1857.

"It is further agreed, that the last payment is not due until the last of the wood is delivered; and in the event that the wood is delivered sooner, said Totten agrees to pay as soon as delivered.

"As witness our hands and seals this 22d of August, 1853.

"GEORGE E. COOKE, [Seal.]
"JOHN TOTTEN,"        [Seal.]

Cooke contends, in substance, that when Totten received the wood at the chopping for him of the Averitts, that whatever it then and there measured, the number of cords so measured was to be charged to Totten. Upon the other hand, Totten contends he bought the wood to be delivered and measured to him at the foot of the chute, and that he agreed to receive the wood of the Averitts simply as the agent of Cooke; and, furthermore, that it was not alleged or shown that all the wood had been delivered before the last installment of the purchase money was due.

The second paragraph of the petition is in these words: "Defendant is further indebted to plaintiff in the sum of $779 78, due by note herewith filed, payable on or before March 1, 1858. Said debt is wholly unpaid. He asks judgment for his debt with interest, and for other proper relief." The note was filed with the petition.

Defendant alleged that the note, except $562 15, was usurious, and contested all the demands set up in the petition except $140 55, for which sum, as uncontested, judgment was rendered by the court; and afterwards, upon a trial of the issue, verdict and judgment were rendered for the plaintiff for $640 on the wood contract, and also for the amount of the note sued on, less the amount of the former judgment, and $45 for usury, from which the defendant appeals. The remaining facts sufficiently appear in the opinion of the court.

JOHN ROBERTS, for appellant, cited *Civil Code, sec.* 145; 18 *B. Mon.*, 634; 1 *Met.*, 430; 9 *Cowen*, 649; 2 *Litt.*, 326.

WORTHINGTON & JOHNSTON, for appellee, cited *Civil Code*, (*Stanton's*,) sec. 146, *note c*; 1 *Marsh.*, 530 ; *Hardin*, 175 ; 3 *J. J. Marsh.*, 84 ; 6 *Indiana*, 232 ; 22 *Barb.*, 118 ; 17 *Ib.*, 366 ; 3 *Met.*, (*Mass.*,) 211 ; 3 *Gray*, 225 ; 5 *Gratt.*, 357.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The contract between these parties is not very explicit in relation to the place where the wood which was sold was to be measured ; but as it had to be measured by the purchaser where it was cut and corded, when he received it from the Averitts for his vendor, and as no other measurement was provided for by the contract, we think that no other was contemplated by the parties. If it were the intention of the parties that a second measurement should be made, it would have been natural and proper for them to have given expression to that intention in the written agreement. This construction of the contract is fortified by the subsequent acts and conduct of the purchaser himself, which all tend to prove that he understood its provisions in the same manner that they have been interpreted by us. He measured the wood where it was cut and corded; did not claim the right to measure it over again at the place of delivery ; but when delivered, took possession of it, and hauled it away without having it remeasured.

Upon this construction of the contract it is very clear that the verdict of the jury was authorized by the testimony, so far as it relates to the contract for the wood. Although all the wood had not been delivered to the appellant before the commencement of the action, yet there remained but a few cords thereof undelivered ; and it is proved that he agreed to look to the Averitts, and not to Cooke, for it. So far, therefore, as Cooke was concerned, the contract had been complied with by him before the action was commenced.

The plaintiff's petition is objected to by the appellant on the ground that it fails to allege that all the wood had been delivered to the purchaser, which, according to the terms of the agreement, had to be done before the last installment of the purchase money was due and payable. The plaintiff's petition, however, is not defective, although it fails to make that allegation. It contains an allegation that the plaintiff had

performed all the conditions of said contract on his part to be peformed, which allegation is all that is necessary for the plaintiff to make, under the provisions of the Code of Practice, in pleading the performance of a condition precedent in a contract. (*Sec.* 149.)

The petition is also objected to on the ground that the second cause of action contained therein is not sufficiently stated, and the note upon which it is founded is not made a part of the petition, as required by the Code of Practice.

The note upon which this cause of action is founded is not fully described in the petition, inasmuch as its date is not stated; but as its amount and the time it was payable are stated, and it is alleged that the defendant is indebted to the plaintiff in the amount thereof, the whole of which is unpaid, we think this part of the petition, although loosely and inartifically drawn, should be regarded as sufficient. Thè note was filed with the petition, and became part thereof by the statement therein that the defendant was indebted to plaintiff in the sum of $779 78, due by *note herewith filed*.

Although, however, we regard this cause of action sufficiently set out in the plaintiff's petition, yet we are of opinion that errors prejudicial to the appellant were committed by the court on the trial of that part of the defense which set up and relied upon usury in the debt sued for.

The court instructed the jury that if the defendant authorized the plaintiff to raise money to pay defendant's note to plaintiff, and that plaintiff did so, defendant is chargeable with the rate of interest paid, if he authorized it to be paid, or knowing it to have been paid, sanctioned or approved it, and that such transactions are not usurious.

Now this instruction is liable to two objections; in the first place, it was entirely abstract, there being no evidence conducing to prove that the plaintiff had borrowed any money or paid any usury to any person for the defendant; and in the second place, if there had been such evidence, the principle contained in the instruction is not the law of the subject as it has been expounded by this court.

It was expressly decided in the case of *Morton and Humphreys vs. Legrand,* (2 *Litt.*, 326,) that such an arrangement was usurious, and embraced by the statute.

We are apprised that in some of the States the courts have held that such contracts, when fairly made, and executed in good faith, and not resorted to as a mere pretext to evade the statute, are not usurious.

But we approve of the rule adopted by this court as the only safe one to guard against the evasion of the statute; and the wisdom and policy of this rule are fully exemplified by the present case, the facts and circumstances of which justify the conclusion that the plaintiff did not actually borrow any money for the defendant, but continued to run the debt, which belonged to himself, and which was reduced by payments made from time to time by the defendant, the usurious interest being calculated during the whole time, and the note sued on having been executed for the balance which appeared to be due, according to that calculation, at the date of the note.

As two distinct and separate causes of action were united in the petition, and the verdict of the jury ascertains and determines the amount to which the plaintiff is entitled for the breach of each contract, the breach of which constitutes a separate cause of action, and the judgment has been rendered in pursuance of the verdict, and the judgment is correct as to one of the causes of action, but erroneous as to the other, the question arises, what order should this court, under these circumstances, make in relation to the judgment of the court below? The Code of Practice authorizes several causes of action to be united in the same petition. When, therefore, the petition contains several causes of action, founded on unconnected and separate contracts, and the claim of the plaintiff under each contract is determined by the verdict, and the judgment is entered accordingly, we are of opinion that to promote the spirit and policy of this provision of the Code, the judgment being correct as to one of the causes of action, should be to that extent affirmed, and should only be reversed as to the cause of action in the trial of which the error was committed.

Wherefore, the judgment for the $640, being the amount recovered by the plaintiff on the first cause of action contained

in his petition, is affirmed, and the residue of the judgment, being on the note on which the second cause of action is founded, is reversed, and cause remanded for a new trial and further proceedings therein not inconsistent with this opinion.

The appellant is entitled to his costs in this court.