JUDGE ROBERTSON
delivered the opinion op the court:
This appeal seeks the reversal of a judgment on a note made payable six months after date, and filed with the petition, which, in describing it, fails to state specifically *10 when it became due; and this omission is relied on as reversible error, on the supposed authority of the case of Dodd vs. King, 1st Met., 430. But there is no essential analogy between these cases. On a note executed by Dodd to Mary Bussing, King sued as if it had been executed to himself, and not as assignee; and his petition made no allusion to any assignment. The 145th section of the Code of Practice made the note, when filed, as much a part of the petition as it would have been had it been literally transcribed and incorporated in it. But, as King did not either sue as assignee or allude to any assignment, the indorsement purporting an assignment to him was no part of the petition, and, if claimed as genuine, made a case essentially variant from that presented by the petition ; and on that ground this court adjudged that the action as brought, on a note alleged to be executed to the plaintiff, was not maintainable; but no such objection applies to the case we are now to decide. Here the omission to allege when the note was payable was supplied by the note itself, as. effectually as if it had been literally copied by the petition as a portion of its allegations ; and therefore there is no variance and no occasion for proof extraneous or without allegation.
Nor is the objection to the form of the judgment available. The judgment for the debt implied an overruling of- the demurrer to the petition; and although the first portion of it apparently includes Marcum, who had not been cited, yet he is excluded by the closing sentence continuing the case as to him. Altogether, therefore, the judgment is constructively against the other defendants alone, who were before the court.
Wherefore, perceiving no essential error, the judgment is affirmed.