JAMES A. HUFFAKER, ET AL., *v.* BANK OF MONTICELLO.

**Pleading—Petition on Promissory Note—Averments Necessary.**

In declaring upon a promissory note the pleader must set out the material stipulations of the promise and its breach, and a failure to do so will not be cured by filing the note as a part of the petition.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 2, 1876.

OPINION BY JUDGE LINDSAY:

Appellee avers in the first paragraph of its petition that Edwin Huffaker & Shy "are indebted to plaintiffs in the sum of one thousand eight hundred dollars upon the note of said Edwin Huffaker & Shy, No. 337, date May 2, 1874, payable ninety days thereafter to Walton & Bros., and discounted and transferred to plaintiff by endorsement of said Walton & Bros. on the bank thereof," etc.

When this allegation is analyzed it will be found that the substantial facts averred are, 1. That the note referred to is the note of Edwin Huffaker & Shy to Walton & Bros.; 2. that it bears date May 2, 1874, and became due ninety days thereafter; and 3. that it had been sued and transferred by the payees to the plaintiff.

Appellee fails to state in terms that the note contained or evidenced a promise upon the part of the payors to pay any sum of money to the payees. But if that agreement or promise can be supplied by implication or intendment, there is still an utter failure to state the sum agreed to be paid. The averment that the makers of the note are indebted to the plaintiffs in the sum of eighteen hundred dollars upon said note, is but the statement of a conclusion of law. If the note evidenced a promise to pay that sum of money, then this conclusion of law is correct; but if in order now, then it is incorrect, and as the petition does not set out the promise, even in the most general terms, it is impossible for the court to determine, from what the pleader states, whether the facts do or not support his legal conclusion.

In declaring upon an express promise to pay money, the material stipulations of the promise must be substantially set out by the pleader, and a failure in this respect will not be cured by filing the note or obligation declared on as part of the petition. The petition must state the facts constituting the cause of action. *Hill v. Barrett, et al.,* 14 B. Mon. 83; *Dodd v. King,* 1 Met. 430. These cases are not overruled by the opinion in the case of *Burton, et al. v White's Adm'r,* 1 Bush 9. In that case this court refused to reverse because

the petition failed to state the time at which the note sued on became due and payable, holding that the note which was filed with and made part of the petition might be considered for the purpose of ascertaining whether or not the debt was due when the action was instituted.

There is no intimation that the note would have been considered for the purpose of ascertaining what the terms and conditions of the promise were. If the provisions of Sec. 145, of the Civil Code of Practice, when complied with, make the note, bond, or bill filed, literally a part of the petition, the pleader need only refer to the evidence of indebtedness, and leave it to tell its own story, and that the debt has not been paid. The case of *Burton, et al., v. White's Admr.* has not been so understood by this court, and we do not recollect that it has ever been followed even to the extent its language seems to warrant.

A petition founded upon a promissory note must so set out the promise, its terms, and its breach, as to enable the court to render a judgment upon the failure of the payors to make defense, without being compelled to refer to the note on file to ascertain those facts. We are of opinion that the first paragraph of the petition in this case is insufficient in law, and that the general demurrer thereto was improperly overruled.

Judgment *reversed* and cause remanded with instructions to sustain said demurrer, and then for further proceedings not inconsistent with this opinion.

*Gibson & Gibson, for appellants.*

*J. S. Vanwinkle, Alexander & Dickinson, for appellee.*