## J. A. HUFFAKER, ET AL., *v.* BANK OF MONTICELLO.

**Petition on Promissory Notes.**
    A petition based upon a promissory note, to be good as against a demurrer, should aver a promise to pay.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 25, 1876.

OPINION BY JUDGE LINDSAY:

The extracts from Chitty's Pleadings, copied into the petition for a rehearing of these causes, do not in the main relate to actions founded upon promissory notes. The citations, in the opinion of this court, seem to have been overlooked by counsel. Whether the failure to allege a promise to pay would be sufficient ground to sustain a motion after verdict, in arrest of judgment, we do not undertake to determine. If counsel had pursued their last quotation, and the authorities cited by the editor as pertinent to the text, but one

line further, they would have found it stated in note 2, p. 301, that "it was held that a declaration reciting a written agreement and alleging a breach, without stating an express assumpsit, was ill. So the plaintiff must charge the promise by defendant positively, and not by way of recital only, for if the declaration be defective in this respect it is a fatal error and not cured by verdict." And he would have found that this conclusion is sustained by cases in 2 Munford, 2 Call and 10 Wendell.

The authorities cited leave it doubtful whether the omission would not be fatal even after verdict, and the text makes it clear that it is fatal before verdict, upon demurrer. The objection to the petitions in these causes is that the plaintiffs decide, as matter of law, that the writings sued on are promissory notes, and then insist that the court shall assume that they contain promises to pay, in order to support their conclusion upon that subject.

Counsel say, "that it would not be a promissory note, if there was not a promise contained in it." As a proposition of law this is correct, and if the petition stated that the alleged debtors, by the writings exhibited, promised to pay, etc., then the court, from the facts thus stated, would doubtless reach the legal conclusion the plaintiffs have been pleased to set up. But the court cannot consent that the plaintiffs all aver the legal conclusion, and then insist that they shall imply the facts necessary to support that conclusion.

The Civil Code of Practice does certainly prescribe the rules of pleading, and Sec. 118 does provide that the petition must contain "A statement in ordinary and concise language, without repetition, of the facts constituting the plaintiffs' cause of action." It is this section of the Code that the plaintiffs have failed to obey. Of the promises to pay, and the fact constituting their causes of action, they make no mention whatever. They content themselves with reciting certain other facts, and stating that in their opinion certain writings are promissory notes; and they are now insisting that the material facts just mentioned shall be implied.

The case of *Totten v. Cooke,* 2 Met. 275, does not show that the petition did not contain an averment that the defendant promised to pay the sum sued for. Neither does the case of *Burton v. White's Adm'r,* 1 Bush 9, show any such fact. The decision on the principal question involved in this last case is opposed by all the previous decisions of this court on the same subject, and it has not been followed in subsequent cases.

Certain promissory notes may, by express statute, be placed upon

the footing of foreign bills of exchange; but we are not prepared to accept the suggestion of counsel, that by discounting a promissory note you can convert a "promise" into a "request." It is not proposed to so construe the provisions of the Code of Practice as to compel litigants to aver that which is not true. Where the law implies a promise, they may state the facts from which the implication arises, and this will be sufficient; and where an express promise to pay a fixed sum of money on a named day has been made, and reduced to writing, we think the most conscientious man may, without hardships, be required to state that fact, and to rest his right to relief upon that statement.

Petition *overruled.*

*Gibson & Gibson, for appellants.*

*Alexander & Dickerson, for appellee.*