## L. H. CORBIN *v.* W. B. OLDHAM'S ADM'X.

[Abstract Kentucky Law Reporter, Vol. 1—327.]

**Petition on Promissory Note.**

A plaintiff who sues on a promissory note must aver that the defendant undertook, agreed or promised to do that which he is sued for failing to perform, or facts must be alleged from which the law will imply a promise, which cannot be done when the averment is that the defendant executed his note to the plaintiff of a given date for a given amount, payable at a certain time.

**Exhibit With Petition.**

The petition on a promissory note must contain within its own body, and not merely by reference to another paper or exhibit, a statement of the facts constituting the cause of action. To aver in such a petition that defendant executed his note to plaintiff, without averring a promise to pay, is but pleading a conclusion and not a fact.

APPEAL FROM HENRY CIRCUIT COURT.

October 19, 1880.

OPINION BY JUDGE COFER:

The petition in this case comes clearly within the rule laid down in *Huffaker v. Nat. Bank of Monticello,* 12 Bush 287. That case announced no new rule. In *Hill v. Barrett,* 14 B. Mon. 83, this court, per Judge Marshall, announced the rule that, under the code, "The petition must contain within its own body, and not merely by reference to another paper, a statement of the facts constituting the cause of action." This conclusion was announced after an elaborate discussion of the sections of the code bearing upon the subject, and has generally been followed since that time. The objection to the petition in *Burton v. White's Adm'r,* 1 Bush 9, was that it did not state specifically when the note fell due. It is said in the opinion that "in describing" the note the petition failed to state specifically when it became due. From this we infer that the date of the note was given, and that it was stated in the petition that it was payable six months

after date, and the objection to it was that it did not also state when the note became due, i. e., when six months from a given date would expire. This was mere matter of calculation from the date given on the face of the petition, and was therefore certain because capable of being made certain without looking beyond the four corners of the petition.

Some expressions contained in the opinion seemed to support the views of counsel, but when this language is read in the light of the opinion in *Dodd v. King,* 1 Met. 430, which was then being considered, much of the difficulty suggested by a cursory reading of the opinion in *Burton v. White* is removed. In *Dodd v. King* the plaintiff declared upon notes payable to himself, but filed a note payable to another, and it was held a fatal variance. In *Burton v. White's Adm'r, Dodd v. King* was cited, and relied upon to show that there was a variance, and in distinguishing the cases the court said, "Here the omission to allege when the note was payable was supplied by the note itself, as effectually as if it had been literally copied by the petition as a portion of its allegations; and therefore there is no variance and no occasion for proof extraneous or without allegation."

The only objection taken to the petition in *Totten v. Cooke,* 2 Met. 275, seems to have been that the date of the note was not given; but the time when it was payable was stated, and this was held sufficient. Whether the petition contained a statement of a promise or understanding to pay does not appear, and it is hardly probable that so nice an objection as that which was argued would have been relied upon; and one so obvious and so certainly fatal, under the old system of pleading, would have been overlooked by either court or counsel. The code was certainly intended to liberalize, but it was as certainly not intended to destroy the substance of pleading. That the defendant undertook, agreed or promised to do that which he is sued for failing to perform, is the very gist of an action for failing to perform a contract; and as long as the necessity to state the facts constituting the plaintiff's cause of action remains, such undertaking, agreement or promise must be alleged in every action for failing to perform a contract, or facts must be alleged from which the law will imply a promise, which cannot be done when the allegation is simply that the defendant executed his note to the plaintiff of a given date for a given amount, payable at a specified time.

Wherefore the judgment is *reversed* and the cause remanded for further proper proceedings.

*Corroll & Barbour, for appellant.*

*Frank Matthews, W. B. Moody, for appellee.*