# Noble v. People's Stock and Poultry Feed Company, et al.

(Decided November 16, 1920.)

## Appeal from Breathitt Circuit Court.

1. Judgment—Presumptions.—The judgment of a court of general jurisdiction and the proceedings therein are presumed to be valid, and the burden of showing their invalidity is upon the one who asserts it.

2. Pleading—Defects—Exhibits.—A writing which is the basis of an action and which by section 120, Civil Code, is required to be filed with and made a part of the pleading, if contradictory of the pleading will control and will not supply an essential averment to constitute a cause of action, although not contradictory thereto, but, if the averment necessary to the cause of action is made, but, is vague, indefinite and defective, the exhibit upon which the cause of action is based, if filed with and made a part of the pleading, may aid and cure the defects therein.

3. Pleading—Exhibits.—An exhibit authorized to be filed as evidence by section 128, Civil Code, will not aid nor destroy the averments of the pleadings in an action.

4. Mechanics' Liens—Pleading.—In an action to enforce a material man's lien, a failure to aver in the petition, that the statement required by section 2468, Kentucky Statutes, was subscribed and sworn to by the one claiming the lien or someone in his behalf will render the petition subject to a general demurrer.

5. Mechanics' Liens—Pleading.—In an action by a material man to enforce a lien provided for by chapter 79, Kentucky Statutes, where the petition avers, but, in a vague and indefinite manner, that the statement provided by section 2468, Kentucky Statutes, was subscribed and sworn to by the claimant, and the defendant to the action having been duly summoned and failing to make objection to the petition or to move to make the averment certain and definite, can not complain of the insufficiency of the petition after judgment.

RYLAND C. MUSICK for appellant.

JOHN E. PATRICK for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, Georgia Noble, owned a tract of land, and, in erecting a dwelling house upon it, purchased a portion of the materials used from the Jackson Lumber & Supply Company. The latter company to secure the payment of its debt asserted a lien upon the tract of land, as provided by chapter 79, Kentucky Statutes, and there-

after instituted an action in the circuit court of the county to recover a judgment for its debt, and to enforce its lien upon the land. The appellant, who, together with her husband was made a defendant to that action, did not interpose any defense, and a judgment as is admitted, was recovered against her for the debt, and the lien enforced, and the land adjudged to be sold in satisfaction of the debt and costs, which amounted to the sum of $189.92. Before the master commissioner of the court, exposed the land for sale, under the judgment, he caused it to be appraised, and the appraisement was duly returned, with the report of the sale. The sale of the land was made on the 3rd day of July, 1916, and brought less than two-thirds of its value as appraised, which entitled the appellant, to redeem the land, within one year after the date of the sale. The appellees, People's Stock & Poultry Food Company, Stratton & Terstegge Co., Mendall, Weinstock Co., Plant & Co., Palmer Paint Co., Oskamp Knolting Co., and Bristol Drug & Gun Co., each, having obtained a personal judgment against the appellant sued out an execution thereon, and were all delivered to the sheriff for execution, at the same time, on the 16th day of December, 1916. The judgments were, each, for a different sum, but the total sum of the principals of the judgments, their accrued interests and costs, amounted to $567.57. On the 22nd day of January, 1917, the sheriff levied the executions upon the equity of redemption, which the appellant had in the land, and exposed it for sale in satisfaction of them, on the 26th day of March, 1917, when the appellees made a joint purchase of the equity of redemption at the total sum of their debts, interests and costs, and the sheriff returned the executions endorsed, satisfied, requiring, as was proper, no bonds of the purchasers, for the purchase price. Although the appellees were authorized from their purchase of the equity of redemption of appellant, to redeem the land, by paying to the purchaser at the judicial sale under the judgment of the Jackson Lumber & Supply Co. against the appellant, the sum at which the land sold at that sale, and thereby become entitled to a conveyance of it, and had for that purpose the time from March 26, until the redemption period expired, on the 3rd day of July, 1917, they failed to do so, but on September 8, 1917, after the time for the redemption of the land had expired, instituted this action against appellant, seeking as relief the setting aside of the sale of the equity of redemption to

them, the quashal of the returns of the sheriff upon the executions, and authority to have other executions to issue upon their respective judgments. The ground upon which they insisted they were entitled to the relief sought was that the judgment, as well as the sale and all the proceedings in the action of Jackson Lumber & Supply Co., against appellant were void, and for that reason, the appellant was not the owner of an equity of redemption in the land, but was the owner in fee of the land, and that they for such reason had acquired nothing by their purchase. The appellant interposed a demurrer to the petition, which was overruled, and she then answered denying the invalidity of the sale of the land under the judgment of the Lumber & Supply Co., but, averring, that it was in all respects valid. She denied that she was not the owner of the equity of redemption, or that the appellees did not acquire her such right by their purchase, and contended that she had been deprived by their purchase of redeeming the land from the first sale. A demurrer was sustained to her answer, and a judgment was rendered awarding to appellees all they sought by the prayer of their petition, and from this judgment she has appealed.

The judgment, nor any part of the record, in the action of the Jackson Lumber & Supply Co. against appellant, except the petition therein are made a part of the record of this action, nor is any averment made of any irregularity of the proceedings, in that action, except that the petition therein was defective, and hence it must be assumed, that otherwise the proceedings were regular and valid. No irregularity of any kind in the sale of the equity of redemption, by virtue of appellees' executions, is complained of, and hence we assume, that it was, also, entirely regular.

The basis of the claim of appellees, that the judgment and sale in the action of Jackson Lumber & Supply Company against appellant are void, is that the petition in that action does not aver that the statement of the indebtedness of the appellant, by which the lien of the Lumber and Supply Company upon the lands of appellant was asserted, and which was recorded in the office of the clerk of the county court, was subscribed and sworn to by the claimant, or by some one in its behalf as is provided in reference to such a statement by the requirements of section 2468, Kentucky Statutes. This allegation is denied by the answer of appellant. As a matter of course, the de-

termination of this question must depend upon an examination of the petition of the lumber and supply company, and the burden of showing that a judgment and the proceedings relating to a judgment in a court of general jurisdiction, are void, is upon the party who would assert the invalidity of such a judgment, as otherwise the judgment and proceedings of such a court are presumed to be regular and valid. The appellees filed as an exhibit with and refer to it as a part of their petition, a copy of the petition in the action of the Lumber and Supply Company against appellant. The appellees relying solely upon the insufficiency of the petition, thus filed and referred to, thereby rely upon and make it the basis of their action. The appellees were not parties to the action of the lumber and supply company against appellant, and it will be observed that the plaintiff therein is not made a party to this action, and neither the plaintiff nor the defendant in that action are making any complaint of any invalidity in the judgment or proceedings therein, but upon the other hand the appellant who was the defendant therein and who is the only party to that action, who is a party to this, is insisting that the proceedings in that action were entirely regular and valid. Passing over the question of the right of the appellees to be heard under the circumstances to complain of alleged insufficiency of the petition of the lumber and supply company in its action against appellant, the appellees have failed to demonstrate any ground for the relief they seek, even if the ground relied upon by them was available to them, nor have they demonstrated that the appellant, who was the defendant in that action, could have had any relief from the judgment and proceedings therein if she had chosen to set up or claim any invalidity in the proceedings and if she could not do so, it is plain that the appellees can not now do so in this action. The copy of the petition of the lumber and supply company against the appellant, and which is filed with appellees' petition in this case, shows that the averments made touching the verification of the statement of its lien which it caused to be recorded in the office of the clerk of the county court, are as follows: "That on the first day of June, 1915, the plaintiff within six months from the date of the last item in said bill, filed in the county clerk's office of Breathitt county, Ky., its sworn statement of said account, and bill of materials furnished to the defendants which said statement showed the items of said bill, and the dates of furnish-

ing same, together with the amounts charged therefor, together with a sworn statement of the plaintiff, showing that it did then and would continue to assert and hold a lien on said residence and the land whereon the same was situated, together with a description of said land, and caused said statement to be marked, filed and recorded in the Mechanics and Material Men's Lien Book, etc. A copy of said verified and recorded statement is filed herewith and made a part hereof.'' It thus appears that the lumber and supply company in its action to enforce its lien against appellant filed with its petition as the basis of its action a copy of the statement of its lien, which it asserts, that, it filed and caused to be recorded in the office of the clerk of the county court. This statement it avers, was sworn to by itself. A portion of what purports to be a copy of the statement is incorporated in the record in this case, but the clerk who certifies the record makes a note stating that he found no copy of the statement filed with the copy of the petition, which the appellees filed as an exhibit with their petition in this action and for that reason he copied the statement from a source, other than the record of this action. The appellees have made a motion in this court to strike the purported copy of the portion of the statement from the record, and their motion is supported by the affidavit of their attorney, who deposes that the appellees, although they filed with their petition in this action, a copy of the petition of the lumber and supply company against appellant, they did not file with it a copy of the statement which was filed with that petition, and that such statement for that reason was never a part of the record in this action. This contention of the appellees is not controverted and hence the purported copy of the statement copied into this record was unauthorized and the motion to strike it must be sustained.

This would leave nothing before this court touching the averments concerning the statement of the lumber and supply company, except the averments of its petition and such was all that the court below had before it in this action. However, in the action of the lumber and supply company against appellant, the statement which it alleged that it had caused to be recorded in the clerk's office, was the basis of its action for the enforcement of the lien asserted by it, and under the provisions of section 120, Civil Code, it was required to file same with and as a part of its petition, and which according to the aver-

ments of its petition, as copied into the record here, it did do so. It thus became a part of its petition and of the record. Gilbert v. Bamberger, Bloom & Co., 19 K. L. R. 1835; Day Lumber Co. v. Mack, 24 R. 640; Harmon v. Wilson, 1 Duv. 322; Totten v. Cooke, 2 Met. 275; Dodd v. King, 1 Met. 430; L. C. & L. R. Co. v. Mahan, 8 Bush 184. Its status, with reference to the pleading with which it was filed as a part, was different from a writing which a party is authorized to file with his pleading, as evidence, as provided by section 128, Civil Code. An exhibit, such as is referred to in section 128, *supra,* will neither aid nor impair the averments of a pleading in a case in which it is filed. Greene v. Page, 80 Ky. 370; Gilbert v. Bamberger, Bloom & Co., *supra.* The writings required to be filed by section 120, *supra,* as a part of the pleading when the basis of the action may aid the defective averments in a pleading, or they may destroy the averments. While an exhibit of the latter character, if contradictory of the averments of the pleading, will control the pleading and cannot be used to supply an allegation which is essential to constitute the cause of action, but, if there is an averment of a fact which is essential to the cause of action, but it is made defectively the writing filed as a part of the pleading, if not contradictory of it, may aid and cure the defective allegation by making it direct, positive and certain, when it would otherwise be vague, uncertain, or indefinite. Durham v. Elliott, 180 Ky. 724, Kalfus v. Davie's Extr., 164 Ky. 390; Ky. Mutual Co. v. Logan, 90 Ky. 364; Burton v. White, 1 Bush 9; Combs v. Breathitt Co., 18 R. 809; Henry Clay Fire Ins. Co. v. Barkley, 160 Ky. 153; Black v. O'Hara, 175 Ky. 626; Fiscal Court, etc. v. Ky. Public Service Co., 181 Ky. 245; Newman, vol. 1, sections 204, 204a. In this action the court with only a portion of the record, in the action of the lumber and supply company against appellant, before it, was not warranted in presuming that the statement which was not before it, but which the portion of the record before it showed it to be a part of the record, was contradictory of the allegations of the petition, but should rather have presumed in the absence of that portion of the record, that it fully cured the vague or indefinite averments of the petition and authorized the judgment of the court in the action. Returning to the averments of the petition of the Jackson Lumber & Supply Company against appellant and considering them without the aid of the exhibit, or any presumption which

should be indulged on account of the absence of the exhibit from the record, it may be conceded that if the petition failed to aver that the statement of its lien was subscribed and sworn to by it, or by someone in its behalf, that it would have been insufficient upon demurrer and the judgment erroneous if a demurrer had been interposed.  Newport & Dayton Lumber Co. v. Litchtenfeld, 24 R. 1969.  A judgment, however, which is merely erroneous is not void, and, further, if the averment essential to the cause of action was made, but made in a vague, indefinite and defective manner, and the defendant having been duly summoned, but failing to make an objection on that account to the petition, or to require the averments to be made more certain and definite, would not be heard after judgment to complain of the defectiveness of the petition, and where the defendant to the action could not do so after judgment, other parties are certainly precluded from doing so.  Breathitt Co. v. Combs, 18 R. 398; McGhee v. Sutherland, 84 Ky. 198.  The averments in the petition of the lumber and supply company with reference to the subscription and verification of the statement are not in the language of the statute, but this would not have made the petition defective, if other language was used, which substantially conveyed the same meaning. The language of the statute is "subscribed and sworn to by the person claiming the lien, or someone in his behalf." The language used in the petition in averment of what it did with reference to the statement is that it filed in the clerk's office "its sworn statement," "a sworn statement of the plaintiff," and a "copy of said verified statement." This language while conveying no other meaning than that the statement was subscribed and sworn to by the party authorized to act for the claimant, the language used makes the allegation somewhat vague and indefinite and subject, if not to a demurrer, at least to a motion requring the petitioner to make the allegation more definite and certain, but the appellant having failed to do so after being duly summoned to answer the petition could not be heard to make complaint after the judgment.  The contention of appellees that they received nothing by reason of the purchase of the equity of redemption at the execution sale cannot be admitted as they acquired all that they thought, or understood they were purchasing, and if they lost the benefit of their purchase by their own failure to redeem the land, they have no equitable ground for relief.

Hence the court erred in overruling the demurrer of appellant to the petition and, also, in sustaining appellee's demurrer to the answer.

(b)   The amount in controversy, in this action, so far as appellant is concerned is $567.57, and the motion to dismiss her appeal, which was continued to the hearing upon the merits, is therefore overruled.

The judgment is therefore reversed, and cause remanded with directions to set aside the judgment and for other proper proceedings not inconsistent with this opinion.