*573 OPINION of the Court, by
Ch. J. Bibb.
The prin-eiples of the decisions in the preceding cases, the court is bound to State. „
These cases are brought before this court by writs of error, with supersedeas, to the judgments rendered in the county court, in behalf of a sheriff, against his de *574 puties and their securities, for delinquencies in office». Various matters here alleged, are fully embraced by the principles of the decision between Bradley and Tompkins, (Har. 184.) The objections which deserve farther consideration, are :
Collufion between plaintiff and an officer, to return a notice i( copy Jeff,'* whereby a fubftantial defence was cut off, would be ground for jurisdiction of a court of equity.
Notice of a mtt'ion in the eounty court % without fpeci-fying any day of the term, is good and may be taken up on ¿¡ny day.
The law considers the whole term of that court as one day, and the buiiness ¿lands adjourned as of courfe, from day to day.
1st. To the service of notice of the motions below.
2d, To the notice and time at which the motions were made.
Lastly. To the remedy by motion, for the delinquency as to militia fines.
To the service of the notices it is objected, that as to the defendant, or to one or more of the defendants, in each motion, the return of the officer is insufficient, because he has not stated that the person, at whose house he left the copy, “ could not be found, or that it was his usual residence, or how or with whQmleft.” The statutes of Virginia, made several explanations of what shall be deemed legal notice, in cases of motions against delinquent sheriffs and collectors, which may be seen in Litteli’s E. L. K. 1 vol. p. 485. But the provision \5rhich more particularly applies to. this case, is in that section which declares that “ notice on replevin bonds, and all other legal occasions wherein no particular mode is or shall be prescribed, shall be good if given to the party in person, or left at some public place at the dwelling house, or other known place of residence of such person.” By the statute of 180S, (a) a sheriff, or constable, is authorised to serve notices, and make return thereof officially, and shall “ endorse thereon the time when any notice was given.” The officer has returned, as to those whom he did not personally notify, that he had left a copy at their respective houses : but he has not stated that the party was not found, or, whether he left the notice at a public place in the house, or whether it was the dwelling house, and these omissions constitute the sum. of the objections. It seems to the court, that a reasonable indulgence and liberality of exposition of the officer’s return, should he allowed and. that we should not presume that an officer knowing his duty, had been, or would be guilty of a fraudulent practice, or trick, bv leaving the notice at an improper place, and yet return the notice as served. Such a mal practice, would subject the officer to the action of the party aggrieved. If the mover should in any case by collusion *575 with the officer, induce him to evade his duty, by a return so made as to cover a pretended or deceitful service by “ copy left,’* find thereby the defendant in the motion had been cut off from a real and substantial de-fence, there can be no doubt but a court of equity would relieve. But because a collusion might happen, we are not therefore to pinch and cramp the officer’s return. Although the remedy by motion is summary and in derogation of common law, yet from the different acts of the legislature respecting this remedy against delinquent sheriffs and collectors, it is apparent that they have intended that the remedy shall be liberally applied to such cases, ex necessitate ret. Greater latitude of intendment is due to the return of an officer, made under the responsibility of his office, than to the affidavit of a private individual, chosen for the occasion by the party producing the affidavit. And in this consists the difference between this case, and the objection to the affidavit annexed to the notice for taking the deposition in Crozier vs. Gano and wife (a).
To the notice and time of the motion, it is objected, that the notice was to the county court generally, without specifying a particular day, and that the motion under that notice, was made on the second day of the court. Upon examining the act constituting county courts, it appears that the law considers the term of the court as of but a single day, unless the business requires the court to sit longer, and that the business stands adjourned from day to day during that court, as a matter of course ; in short that the law peculiarly considers the whole term of a county court as of but one day.
As to the third objection before mentioned, it seems plain, that the sheriff is bound to receive the evidences of militia fines, and collect and account for them according to law ; that upon his failure so to accounff ne is liable to motion ; that he has the same remedy over against his delinquent deputy. But the motion is contested here upon a supposition of facts not appearing on the record ; and therefore not to be noticed by the court. If the sheriffhad not been furnished with the proper evidences of the militia fines, required to be furnished, he might have refused to receive them for collection. But we cannot presume against the judgments of the county eourt, that they had, not sufficient evidence to warrant *576 the judgment, for failing to collect and account. The merits of such a judgment in matters of fact, can only Be overhaled b}"- spreading the evidence on record by bill of exceptions.

 3 Litt.458,

 Ants 257.