CASE 82—PETITION ORDINARY—JUNE 23.

# Commonwealth, for use of Clay County v. Howard, &c,

APPEAL FROM CLAY CIRCUIT COURT.

1. COUNTY COURT—MINUTES OF PROCEEDINGS.—Under the provision
of the General Statutes, chapter 28, article 17, section 6, with ref-
erence to county courts, that "before every adjournment the
minutes of the proceedings of the court shall be publicly read
by the clerk, and corrected, if necessary, and then the same shall be

Commenwealth, for use of Clay Co. v. Howard, &c.

signed by the judge as presiding justice," and the provision of the succeeding section that "no minute or order shall be valid until the same be read and signed," it is not necessary that each day's proceedings shall be read and signed on that particular day; but the court may treat the entire time it is in session as one day and make and sign but one adjourning order. (Dye v. Knox, 1 Bibb, 575; 11 Bush, 238.)

2. SHERIFF'S BOND—VALIDITY OF.—The fact that there is no order of the county court showing that the sheriff executed an official bond does not affect the validity of his bond for the collection of taxes.

TINSLEY & FAULKNER FOR APPELLANT.

1. The law considers the session of a county court as but one day, and the special term of the Clay County Court, beginning 1st day of January, 1890, and extending without adjournment to 4th of January, 1890, when it adjourned and its orders were signed, was but "one day" of the court; and it was not necessary that the minutes of the county court should have been approved the very day the bond was accepted and approved by the court in order to make the bond valid, but it was sufficient if they were approved at the expiration of that term, which was but one day in contemplation of law.    (Dye v. Knox, 1 Bibb, 573; Wilson, Receiver, v. Louisville, 93 Ky., 254; Garrard County Court v. McKee, 11 Bush, 236.)

2. Even if the sheriff had failed to qualify by the execution of his official bond, the office would not have been *ipso facto* vacant, but must be so declared by a court of competent jurisdiction; and as no such order was ever made and Howard was recognized as sheriff by the county court, neither he nor his sureties can be heard to complain.

THOMAS H. HINES FOR APPELLEES.

1. There can be no liability upon the part of the sureties in such bonds unless there has been a strict compliance with the requirements of the statute which prescribes what is necessary to bind them. A judicial record should not be binding on sureties without a strict compliance with the statute in the manner and form of making up such record.

2. The county court is a court of record, and can only speak through its records, and in order to make a bond valid the record must

show its delivery and acceptance. (4 Bush, 307; Fletcher v. Leight, 14 Bush, 301; Com. v. Williams.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Clay Circuit Court in the name of the Commonwealth of Kentucky, for the use of Clay county against A. B. Howard, late sheriff of Clay county, and the other-named appellees, his sureties on his bond for the collection of *ad valorem* taxes, authorized to be levied and collected for the use and benefit of Clay county for the year 1890.

It is claimed in the pleadings that the said sheriff had collected the same, and that there was due from him $3,459.90, with interest from the 8th of May, 1893, which he, on proper demand, had failed to pay over. Plaintiff also claims $371 in damages.

Several defenses were relied on, some of which need not be noticed. A jury trial was waived and the law and facts submitted to the court, and the court rendered judgment in appellant's favor against Howard for the sums claimed, but dismissed the action as to the other appellees, and from that judgment, dismissing the action as to the other appellees, who were Howard's sureties, this appeal is prosecuted. A separate finding of law and facts was requested and rendered by the court. Appellants' motion for a new trial was overruled, and a reversal is now insisted on by appellants.

The finding of facts, as stated by the court, in substance show that Howard was elected sheriff for 1890-1. and acted as such during the year 1890, and collected the county dues sued for in this action, but that no valid order of the county court was ever made or signed accepting his bond or approving the bond sued on herein, and no order at all accepting or approving his official bond as sheriff.

The evidence introduced by the plaintiff shows that the·
order book of the Clay County Court has a number of entries.
or orders on it.  The commencement reads as follows:
"Orders Clay County Court.  January special term, 1st day
of January, 1890.  Present, John S. Reid, P. J. C. C. C."
Then follows two orders authorizing different parties to ap--
propriate vacant land, etc.

The next order recites the appearance of A. B. Howard,.
sheriff of Clay county, with sureties, naming them, and the
execution of his revenue bond for 1890, and that the same was
approved .by the court.  The next order recites the appear-
ance of A. B. Howard, sheriff of Clay county, with the appel-
lees as his sureties, and the execution and approval of his;
bond for the collection of the county levy for 1890.  The next
entry on the order book is "January, 4th day, 1890."  Then
follows an order appointing a guardian.  The next entry is
as follows:  "January special term.  4th day of January,
1890.  Present J. S. Reid, P. J. C. C. C."  Then follows an
order allowing some one to enter and appropriate vacant
land.  The next entry is:  "Court adjourned until court in
course.  John S. Reid, P. J. C. C. C."

All the foregoing orders, except the last one, are on page·
286 on Order Book No. 2 of the Clay County Court—the last
one is on page 287—and the signature of the judge is at the·
bottom of said order on page 287.

The witness, who was the county clerk, testified that there·
was no adjourning order on page 286, and that no other·
orders are on said pages, and the signature to the adjourn-
ing order is the signature of John S. Reid, then county judge
of Clay county.  Witness also stated that the above-named
orders are "all the orders that appear on my order book in

regard to the bond of A. B. Howard as sheriff for the year 1890."

Appellee quotes sections 6 and 7 of article 17, chapter 28 of the General Statutes, and insists that by virtue of that statute the purported orders of the Clay County Court are nullities, and that inasmuch as no valid bond was executed that the sureties are not liable.

Section 6 reads as follows: "Before every adjournment the minutes of the proceedings of the court shall be publicly read by the clerk and corrected, if necessary, and then the name shall be signed by the judge as presiding justice."

Section 7, *supra*, is as follows: "The minutes shall be taken in a book, and carefully preserved among the records; and no minute or order shall be valid until the same be read and signed."

The court below seems to have been of opinion that the proceedings of each calendar day must of necessity be read and signed, otherwise the same would be invalid, but such is not the law. The statute quoted does not require each day's proceedings to be read and signed. .

In Dye v. Knox, 1 Bibb, 575, it was said that "county courts have the power to adjourn from day to day, but they are not required to adjourn each day when they cease to transact business. They may, if they see proper, treat the entire time they are in session as one day, and make and sign but one adjourning order."

The foregoing was approved in Garrard County Court v. McKee, 11 Bush, 238. In the latter case the court said: "In this case the 25th and 30th days of October are treated as one day, or as one continuous session of the court, and the adjourning order and signature of the presiding officer,

entered on record on the 30th, are a sufficient compliance with the statute."

The entire proceeding of the Clay County Court from the opening of the court the 1st of January, 1890, up to the making and signing of the order of adjournment, must be held to be one day of court. The fact that no order of court appears showing that Howard executed an official bond is not material in this case. If there had been no sheriff the county court could have appointed a collector of the county levy, and taken bond for the performance of that duty.

It is certain that all the bonds required by law to be executed were in fact executed, and the appellees in good faith intended to bind themselves as sureties for the sheriff on the bond sued on, and had no idea but what they were so bound until some time after this suit was brought, and until after defense had been made.

It results from the foregoing that the court below erred in dismissing the petition as to the appellees sued as the sureties of A. B. Howard.

The judgment appealed from is, therefore, reversed and cause remanded, with directions to award plaintiff a new trial and for further proceedings consistent with this opinion.