### Meadors v. Williams, Judge, et al.

(Decided March 9, 1915.)

#### Appeal from McCreary Circuit Court.

Courts—Fiscal Courts—Special Meeting—Notice to Members Must Be Given—Presence Dispenses With.—When a called or special meeting of a fiscal court or any public body is held, it is indispensable to the validity of the acts of the body or court at that meeting that each and all of the members of the body or court should have personal notice of the time when the meeting is to be held, if it is practicable to give each of them such notice, so that each and all of them may be present if they so desire. But if all of them are present at the meeting, the fact that they did not have notice will not affect the validity of the meeting, as the presence of the members dispenses with the necessity for notice.

L. G. CAMPBELL and H. C. GILLIS for appellant.

DENTON & FLIPPIN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this suit by the appellant, Meadors, claiming to be the road engineer of McCreary County, against the fiscal court of the county, the only question that we need consider is, was he elected road engineer? If he was not, the judgment dismissing his suit should be affirmed.

It appears from the agreed facts in the record that on the first Tuesday in April, 1913, one Harry Jones, assuming to act as county judge, and one justice of the peace met in the fiscal court room for the purpose of holding the regular term of the fiscal court. There being no quorum, the judge directed the county clerk to produce the fiscal court order book and make an order adjourning the court to meet on Monday, April 7, 1913. The clerk refused to obey the direction of Judge Jones and declined to make any order of any kind in the order book of the fiscal court or in any order book, and thereupon Jones, as the agreed facts state, "proclaimed publicly in the court room that the fiscal court for that term would stand adjourned to meet on April 7, 1913, to transact the business of the court." It is also agreed that thereafter the "said Jones wrote and mailed to each justice of the peace of said county, excepting J. A. Gilreath, who was not notified in any way, a letter giving notice of the said adjournment of court, and also had such notice published in the McCreary County News, a newspaper published in the county."

There is no order of the court in the record showing that any meeting of the fiscal court was held on April 7, 1913, but the following order appears to have been made on April 8, 1913: "Special called term, second day, 8th day of April, 1913. Motion by Avery Williams, seconded by John Hammock, that the order appointing William H. Meadors county road engineer of McCreary County be approved. Yeas, Charles Hayes, John Hammock, Lee Ballou; nays, S. C. Bell. Motion carried, all voting yea but S. C. Bell, who voted nay. Motion and seconded that the election of W. H. Meadors be unanimously voted county road engineer. Motion carried. (Sgd.) Harry Jones, Judge. W. H. Caylor, Clerk."

It might be here noticed that neither Charles Hayes nor John Hammock were justices of the peace of McCreary County at this time, although it appears both of them assumed to act as justices and voted for the appointment of Meadors as road engineer. So that the only members of the court present at this meeting were Avery Williams, Lee Ballou, S. C. Bell and Harry Jones, county judge, who constituted a majority of the court.

Whether Harry Jones was judge of McCreary County at that time has been made quite a serious issue in this case, but we do not find it either necessary or important

to dispose of it; and we may also pass without discussion the validity of the meeting it is agreed was held on the first Tuesday in April and concerning which no order was made.

Section 1838 of the Kentucky Statutes provides, in part, that: ''The county judge shall have power to call a special term of said court for the transaction of any business of which the court has jurisdiction. Whenever the necessity exists for a special session, and when the county judge is unable to act, the special session may be called by a majority of the court.''

The fiscal court is a court of record and can speak by its records only. And it appears from the record that this meeting held on the 8th day of April, 1913, was ''a special, called term,'' and we will so treat it, although we do not find in the record any order of the county judge or a majority of the court calling this special meeting.

Section 1838 of the statutes further provides that there shall be two regular terms in each year of the fiscal court, on the first Tuesday of April and October, and continuing until the business of the court is disposed of. But the 8th day of April, 1913, was not the first Tuesday in April, and as there is no record showing that any court was held on the first Tuesday of April, or on April 7, it follows from the record that this term held on April 8th was a called term and not a regular term of the fiscal court.

The law is that when a called or special meeting of a fiscal court or any public body is held it is indispensable to the validity of the acts of the body or court at that meeting that each and all of the members of the body or court should have personal notice of the time when the meeting is to be held, if it is practicable to give each of them such notice, so that each and all of them may be present if they so desire. But, of course, if all of them are present at the meeting, the fact that they did not have notice will not affect the validity of the meeting, as the presence of the members dispenses with the necessity for notice. Shugars v. Hamilton, 122 Ky., 606; Knoxville v. Knoxville Water Co., 107 Tenn., 647, 61 L. R. A., 888; Dillon on Municipal Corporations, 5 Ed., Vol. 2, Sections 533, 534; Beach on Public Corporations, Vol. 1, Sec. 265; Paola & F. River R. Co. v. Anderson County, 16 Kan.,

302; Lord v. Anoka, 36 Minn., 176; People v. Batchelor, 22 N. Y., 128; Lewick v. Glazier, 116 Mich., 493.

It is agreed that J. A. Gilreath, who was a member of the court, "was not notified in any way" of the fact that a called or special term of the court would be held on April 8th, and that he was not present at this meeting, and it not appearing that it was not practicable to notify Gilreath, who was not absent from the county, of this meeting of the court, we think the failure to give him notice was fatal to its acts, which were, in many other respects, irregular, if not void.

Wherefore, the judgment dismissing the petition of the appellant is affirmed.