## Walker v. Fox, County Judge, &c., et al.

(Decided October 12, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Counties—County Judge May Participate in Proceedings of Fiscal Court, the Same as Any Other Member (Constitution, Section 144).—County judge has authority, as member of fiscal court, greater than mere presiding officer and has right to participate in proceedings of court the same as any other member, in view of Constitution, section 144.

2. Evidence—Where Record of Meetings of Fiscal Court, Held on Different Days Without Sine Die Adjournment, were Legally Approved and Signed at Last Meeting, Reading and Approval of Minutes at Each Separate Meeting is Conclusively Presumed (Ky. Stats., Sections 1842, 1843).—Where minutes and record of number of separate meetings of fiscal court, held on different days without sine die adjournment, were legally approved and signed by presiding officer at last meeting, it will be conclusively presumed that statutory requirement as to reading and approval of minutes was complied with at each separate meeting, notwithstanding Ky. Stats., sections 1842, 1843.

3. Counties.—Member of fiscal court, to participate in approval of minutes of action taken at former meeting, must have been present at such meeting, in view of Ky. Stats., section 1842.

4. Counties—Fiscal Court Held Authorized to Re-elect County Road Engineer Prior to Expiration of Present Term (Ky. Stats., 1922, Sections 43561-1, 43561-2).—Fiscal court held authorized, under Ky. Stats., 1922, section 43561-2 (Acts 1918, c. 119, section 2), to re-elect county road engineer whose office was created by Ky. Stats.,

section 4356l-1 (Acts 1918, c. 119, section 1), prior to expiration of present term, where all members of court would still hold office when engineer's term expired, regardless of whether political advantage was sought by such election.

5. Evidence—It is Common Knowledge that Election for Following Term is Most Generally Made in Advance of Vacancy Created by Expiration of Current Term.—It is common knowledge that, by either appointing authorities or elective bodies, election for following term is most generally made in advance of vacancy created by expiration of current term, and that elections by the people are also so held.

GARNETT & VAN WINKLE and SHACKELFORD MILLER, JR., for appellant.

J. MAT CHILTON, T. M. GALPHIN, JR., and JOHN B. BASKIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

In this declaratory judgment proceeding filed by appellant and plaintiff below, R. K. Walker, a citizen and taxpayer of Jefferson county, against appellees and defendants below, the members of the Jefferson county fiscal court, and Merritt Drane, plaintiff contests the validity of certain proceedings of the fiscal court of the county had on June 14, 1926, whereby the court attempted to elect the defendant, Drane, county road engineer of the county for a term of four years beginning August 18, 1926, at which time the current term which Drane was then filling would expire. The learned trial judge held that the questioned election was valid and dismissed the proceeding, to reverse which plaintiff prosecutes this appeal.

By section 1, chapter 119, Session's Acts of 1918, page 535 (now section 4356L-1 of the 1922 edition of Carroll's Kentucky Statutes) there was created in all counties in this Commonwealth containing a population of over 200,000 the office of county road engineer for such counties and who should be elected by the fiscal court of the county, "whether it be composed of the justices of the peace of said county and the county judge, or three commissioners and the county judge." This section also provides for the qualifications of such engineer and section 2 of the act (now 4356L-2 of the same statutes) says: "Said county road engineer shall hold his office for a period of four years from the date of his election; pro-

vided, however, that the fiscal court is empowered to remove said engineer for inefficiency, incompetency, or for neglect of duty, after charges duly preferred and hearing given said engineer.'' The first incumbency in that office for Jefferson county began on August 18, 1918, upon which date it was filled by the members of the Jefferson fiscal court for a term of four years, which expired August 18, 1922. At the latter day or prior thereto (it not clearly appearing in the record) the defendant, Drane, was elected by the same court for a full four year term, which would expire August 18, 1926.

At the time of the questioned proceeding herein the fiscal court of Jefferson county consisted of the county judge, who is a member by virtue of his office, and three commissioners elected by the voters of the county, and the county judge has the power and authority as such member greater than a mere presiding officer and has the right to participate in the proceedings of the court the same as any of its other members. See section 144 of the Constitution and the cases of Bath County v. Daugherty, 133 Ky. 518, and Kirchdorfer v. Tincher, 204 Ky. 336. The county judge of Jefferson county at that time was the defendant, Henry I. Fox, and the members of the court were the defendants, William F. Clarke, Jr., S. M. O'Brien and J. C. Kirchdorfer, the latter two of whom are Democrats in politics, while Clarke and the county judge are Republicans in politics. On the date mentioned (June 14, 1926) the court met in a session which was a recessed one from a prior one, and the record shows that the county judge and Commissioners Clarke and O'Brien were present, which, under the provisions of the section of the Constitution, *supra,* made a majority of the court "for the transaction of business." Kirchdorfer was absent and after the court had convened there was introduced and passed this resolution or motion: "Whereas, the term of Merritt Drane, as county road engineer of Jefferson county, Kentucky, will expire in August, 1926, and said Merritt Drane is an applicant for re-election, now, in order that said Merritt Drane may arrange his personal business and affairs to have charge of its road building, it is moved by Commissioner Clarke and seconded by Judge Fox that Merritt Drane, the present county road engineer of Jefferson county, Kentucky, be re-elected county road engineer of Jefferson county, Kentucky, for a term of four years, commencing at expiration

of his present four year term, which will expire in August, 1926, and until his successor is elected and qualified at a salary of five thousand ($5,000.00) dollars per year, to be paid in monthly installments." But the record affirmatively shows that O'Brien, the only Democratic member of the court present, voted against it. The court then recessed from that meeting until June 18, 1926, four days thereafter, and by which time Kirchdorfer had returned from his absence and was present. At that time he offered a resolution which was seconded by O'Brien in which there were a number of "whereases" in which he set forth what he conceived to be the facts; after which it was resolved that the attempted election of Drane on June 14, 1926, by the votes of the county judge and Commissioner Clarke be reconsidered, "set aside and held for naught;" and that the minutes of that meeting be corrected "by striking therefrom all reference to the introduction and attempted passage of said resolution" (the one attempting to elect Drane for the ensuing term of four years beginning August 18, 1926.) The county judge ruled that Kirchdorfer could not make a motion to reconsider, he not being present or voting in favor of the action sought to be reconsidered, nor could he for the same reason object to or vote on the approval of the minutes of the prior meeting. From that ruling of the chair O'Brien took an appeal and the county judge and Commissioner Clarke voted to sustain the chair while O'Brien and Kirchdorfer voted to sustain the appeal, whereupon the county judge, as chairman, announced that the appeal was lost. The minutes were then approved by the county judge and Clarke and signed by the former, and one of the questions to be determined on this appeal is the validity of the recited proceedings of the fiscal court.

A number of reasons are urged and discussed against the validity of the recited action of the fiscal court by counsel for plaintiff, but we deem it necessary to consider and determine only two of them, the others being regarded as entirely without merit, and those two are: (1) Whether Kirchdorfer, who was not present on June 14, could object to the approval of the minutes of that meeting, or move to reconsider when he was not present and did not participate thereat, and (2) was it lawful for the fiscal court to elect a county road engineer for a term to begin 65 days in the future, which, of course, was at a

time when there was no vacancy in the office either by expiration of the regular term or otherwise? Those questions will be herein determined, but before doing so we deem it proper to say that we have heretofore held, in substance, that, county courts have the power to adjourn from day to day, but they are not required to adjourn each day they cease to transact business. They may, if they see proper, treat the entire time they are in session as one day, and make and sign but one adjourning order. Dye v. Knox, 1 Bibb 575. That pronouncement of the law was also approved in the case of Garrard County Court v. McKee, 11 Bush 238, and the still later one of Commonwealth v. Howard, 99 Ky. 542. So far as we are advised it has never been questioned as a proper and legal procedure of county and fiscal courts. Therefore, if the minutes and the record of the proceeding of a number of separate meetings held on different days without a *sine die* adjournment should be legally approved and signed by the presiding officer at the last meeting, then it will be conclusively presumed that the statutory requirements as to the reading of the minutes and their approval were complied with at each separate meeting and can not be questioned in a collateral attack. Fox v. Lantrip, 169 Ky. 759.

1. Section 1842 of our present statutes, which relates to the proceedings of fiscal courts, says: "Before every adjournment the minutes of the proceedings of said court shall be publicly read by the clerk of the court, and corrected, if necessary; and the same shall be signed by the county judge or presiding judge, with the approval of the justices of the peace present when the court was held;" and the next following section (1843) is in these words: "No minute or order of the fiscal court shall be valid until the same be read and signed as aforesaid, nor unless the record shows by whom the court was held." The court had under consideration those sections in some or all of the cases *supra,* and especially the Fox case and one of the same style reported in 162 Ky. 178, and the above presumption under the stated facts was held to prevail even when considered in the light of the last two inserted sections. It will be noticed that section 1842 requires that the minutes shall be signed "by the county judge or presiding judge, with the approval of the justices of the peace *present when the court was held*" (our italics), which we conclude to mean that the

only members who may participate in the approval of
the minutes of prior action taken by the court at a former
meeting are those who were present when that action
was taken and not to include any member who was absent
at that time but who was present when the approval is
sought to be made. Not only is that interpretation in
accord with the plain language of the statute, but to hold
otherwise and say that it means to authorize a participa-
tion in the *approval* by a member who was not present
when the action sought to be approved was had would be
tantamount to giving the right to ask for a reconsidera-
tion of legal action, taken by the court at the time it was
done through a quorum of its members, contrary to the
well established parliamentary rule on the subject; and,
furthermore, it in effect would allow him to participate
in the proceedings of the meeting, the minutes of which
are sought to be approved, although he was not present
at the time and although such former action on the part
of the body was valid because made and done by a
majority of a legal quorum.

The case of Fox v. Lantrip, reported in 162 Ky.
*supra,* is relied on by counsel for plaintiff in support of
this contention, but we do not so construe that opinion.
It recites the facts of that case, and then referred to and
quoted sections 1842 and 1843 *supra,* and held that the
facts did not show a legal approval of the action therein
sought to be upheld, which was the fixing of the salary of
the county school superintendent for Hopkins county for
the year 1910. It appeared that there was some sort of
meeting of the fiscal court of Hopkins county on the 19th
of August, 1909, and there was a penciled entry on a
minute book kept by the clerk (but not the order book of
the court) saying: "Ordered that supt. salary be fixed
for yr. 1910." After that, and before the meeting of the
court at the succeeding session on November 16, the clerk
duly and regularly wrote out in the order book that the
salary of the superintendent had been ordered to be fixed
at ten cents per pupil child in the county. At the last
meeting on November 16, the court refused to approve
that order, and no further action was taken. In holding
that no legal order was made the opinion said: "It does
not appear that it (the October order) was ever approved
in this way, but, instead, the court at its adjourned term,
November 16th, 1909, refused to approve said order, and

made an order setting it aside, and thereupon, for the first time, made an order fixing the salary of the school superintendent at $1,500.00 per year for the ensuing four years. In fact, it does not seem that there was any necessity for the court, at its term held on the 16th day of November, to make any order rescinding or setting aside the order put upon the order book by the clerk, since it had no validity."

We have no such case here, since the minutes of the meeting of the Jefferson fiscal court on June 14, 1926, even if not read or approved and signed on that day, were read and approved at the meeting of June 18, a continuation of the first meeting, and under the cases *supra,* it will be conclusively presumed that the requirements of the statute were complied with. We, therefore, conclude that the election of Drane was validly done by the fiscal court, provided it was competent for it to do so at the time it did, which brings us to a consideration of the second point above stated.

2. In support of this contention, *i. e.,* that the fiscal court was without authority to make the election until the expiration of Drane's current term on August 18, 1926, it is argued that by the terms of section 4356L-2 *supra,* the county road engineer "shall hold his office for a period of four years *from the date of his election*" (our italics), and that a proper construction of that language requires that the election must be had either upon the day of the termination of the current term or some day thereafter, since the statute requires the term for which he was elected to run from the day of his election and if it occurred before the expiration of the preceding term then the latter would be shortened or curtailed to the extent of that intervening period, and the predecessor in office would be deprived of his full four year term, which, it is argued, the fiscal court had no legal right to do. If the language, "four years from the date of his election," was intended to apply to elections for all succeeding terms following the one for the first term under the statute, there might be room for the argument, but we are not inclined to adopt that interpretation. The legislature in employing that language did not know the precise date that the fiscal courts, to which the act was made applicable, would first elect, and the statute nowhere designated a date for the beginning of the first or any suc-

ceeding term; and, therefore, the court could do so on any date it saw proper. When done the person elected for the first term under the statute would hold his office for a period of four years from that date and future terms would be for four years beginning on the same date each quadrennial year thereafter. The electing or appointing authority in such cases would thereafter be informed of the exact date upon which the term would expire and when a successor should be installed. It, therefore, was certain to the members of the Jefferson fiscal court on June 14 that a vacancy would occur in the office on August 18 following, a period of 65 days after the action complained of in this case. If the court was compelled to postpone the election until the expiration of the current term it would be contrary to the customary and usual course in the choosing of officers, whether by some appointing authority, electing body or by the people, because we know as a matter of common knowledge that by either appointing authorities or elective bodies, the election for the following term is most generally made in advance of the vacancy created by the expiration of the current term; and that elections by the people are also so held; and when the beginning of the term of the county engineer in this case became fixed by the election of the first incumbent in the office, it was the same as if the legislature had fixed the day for the beginning of the term of the officer for that county. If it were otherwise as to succeeding terms, then there would be an interregnum or vacancy in the office if a term expired on Sunday, or if at the time of the expiration a majority of the electors were from any cause unable to attend a meeting of the body. Other instances might be imagined where great confusion would result if it was incompetent for the fiscal court to elect the officer at any time before the expiration of the current term. We do not think the legislature intended for its language to be so construed.

But we are not without authority from this court sustaining the views we have expressed. In the case of Dixon v. Caudill, 143 Ky. 623, we adopted the same construction upon facts presenting an analogous situation. At that time there was a statute saying that: "If  .   .   . there be a vacancy in the office of trustee, the county superintendent of the county shall, within ten days, or as soon thereafter as practicable, supply the same by his appointment, in writing, and the trustee so appointed

shall hold his office until the end of that term, and until his successor is elected or appointed and qualified.'' The superintendent of Letcher county on April 20, 1907, in the exercise of the authority conferred upon him by that statute, appointed a trustee for one of the school districts of the county to fill a vacancy which would not occur until July 1, thereafter; the time elapsing from the appointment until the happening of the vacancy being 71 days. The statute in that case did not authorize the superintendent who was vested with the authority to fill the vacancy to do so except where ''there be a vacancy,'' indicating that the vacancy must be present and existing at the time of the appointment; just as counsel for plaintiff here argues is indicated by section 4356L-2 *supra,* with reference to the right of the fiscal court of Jefferson county to elect Drane's successor only after the expiration of his present term. In other words, it was contended in the Caudill case, as here, that there could be no appointment or election by the authorized officer or body to fill an office that would become vacant at a future date, but that it could only be legally done after the vacancy actually occurred. We, however, held in that opinion, to which reference is made without the insertion herein of excerpts therefrom, that the appointed trustee in that case became a *de jure* officer upon the happening of the vacancy and his subsequent qualification, and that his appointment, notwithstanding it was made 71 days before that time, was valid. But it was said in that opinion, as was also done in the prior one in the case of Terry v. Cornett, 136 Ky. 628, that the intervening time between the appointment or the beginning of the term of the appointee, or the one elected, must be a reasonable time and that the time there intervening was not considered unreasonable. It was furthermore held in the last two cited cases that it would be incompetent for the appointing or electing authority to make such selection in advance of the vacancy when he or they would not be in office or possessed such authority at the time the vacancy happened and when the one so selected should take charge of the office; for the manifestly just reason that in such case the appointment or election would destroy the right to make it on the part of those who would be in office and possess such authority at the time the vacancy occurred. Here, however, all the members of the Jefferson fiscal court who were in

office on June 14, 1926, would hold the same office, barring death or voluntary action, on August 18, 1926, when Drane was to take charge of the term for which he was elected to succeed himself, and the case is, therefore, not brought within what might be termed the exception pointed out in the cases referred to.

It may be that political advantage was sought by the election of Drane on June 14, but that fact alone does not invalidate the proceedings if they otherwise conformed to the law, and we can give no legal significance to it.

Finding no error in the judgment authorizing its reversal, it is accordingly affirmed.   Whole court sitting.