# Howard et al. v. Howard.

(Decided December 16, 1930.)

J. B. CARTER for appellants.

J. B. SNYDER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

In this action by Dr. E. M. Howard against H. H. Howard, judge of the Harlan county court, J. B. M. Howard and others, members of the fiscal court of that

county, Harlan county, and the Citizens' National Bank, the plaintiff in his original petition avers, in substance: That on December 31, 1929, Harlan county, through and by its fiscal court, purchased from the plaintiff a tract of land at Rest Haven cemetery for a colored and white pauper graveyard. The tract contained 1,827 grave lots at $3 each, and the total consideration was $5,481. For that amount the fiscal court directed a county warrant to be issued on the presentation of a general warranty deed to be accepted by the county judge, and the warrant was to be paid out of the county levy for 1930. Thereupon plaintiff and his wife executed and delivered to the county their warranty deed for the property purchased. The deed was accepted by the county judge and filed for record in Deed Book 66, page 16. Thereafter there was issued to plaintiff warrant No. 319 for the sum of $5,481, payable out of the county levy of 1930, and signed by M. G. Smith, clerk of the Harlan county court. The warrant was indorsed as follows:

"1930, January 1st. Presented for payment and no funds to pay the same. This warrant bears 6% interest from date until called..

"F. G. Lewis, T. H. C.''

On the same day plaintiff sold, indorsed, delivered, and discounted the warrant to the Citizens' National Bank of Harlan for value, and the bank is now holder in due course. So far as plaintiff knows the warrant is still in the hands of the Citizens' National Bank, and no part thereof has been paid. The validity of the warrant is being questioned by the authorities of Harlan county and Harlan county, by the county attorney, J. B. Carter, who has undertaken to file before the fiscal court a petition in equity seeking to have the fiscal court make orders in relation to the warrant, and he undertakes to bring into question the validity of the warrant and thereby affect the property of the Citizens' National Bank on which plaintiff is liable as indorser. He charged that the defendants, the county judge and the members of the fiscal court, although without power and authority to do so, are threatening to, and unless restrained by the orders of court will meet on June 26, 1930, for the purpose of trying and determining matters relating to the issue of the warrant, which will throw a cloud over the title of the warrant to the irreparable damage of the plaintiff and the Citizens' National Bank. The petition

concludes with the prayer that the defendant county judge and members of the fiscal court be temporarily restrained from acting on the petition, and upon final hearing the injunction be made permanent. There was filed as part of the petition a copy of the petition in equity filed before the fiscal court, which is in these words:

## "HARLAN FISCAL COURT.

"Harlan County, by J. B. Carter, County Attorney, Plaintiff, v. E. M. Howard & Citizens National Bank, Defendants.

### "PETITION IN EQUITY.

"J. B. Carter states that he is the regular elected qualified and acting attorney for Harlan County and brings this suit on behalf of Harlan County. He states that there was a meeting of part of the magistrates and an attempt to hold Fiscal Court meeting at the Court House, in Harlan, Kentucky, on December 31st, 1929. The plaintiff states that there was no clerk of said meeting but that the jailer attempted to take some of the minutes of said meeting; that said minutes of the Fiscal Court attempted to allow claims against the county at said meeting amounting to about $30,000,000; that one of the attempted claims was to the defendant, E. M. Howard, for the sum of $5,481.00 and said claim, No. 319 and purporting to be the consideration for about one acre of land for a pauper grave yard.

"The plaintiff states that the clerk of the county court and clerk of the Fiscal Court was busy issuing automobile tags and didn't act as clerk for the Fiscal Court but did write out the claim to the defendant for the above named sum and delivered to him on same day, December 31st, 1929. The plaintiff states that said order and claim is absolutely void and should be set aside by the court and held for naught for the following reasons:

"First: Because the orders and especially this order of the said attempted meeting of the Fiscal Court was not read to them and approved by the members of the Fiscal Court and that the order made by the clerk is entirely different and changed from

the order of the minutes made by the jailer who was attempting to act as clerk for the Fiscal court.

"Second: Because this meeting of the members of the Fiscal Court on December 31st, 1929, was not a regular meeting of the said court and no act or acts of a special meeting of the members of the Fiscal Court are true or binding unless all of the members have notice of said meeting. The plaintiff states that Harlan County is divided into eight magisterial districts and on said date, to-wit: December 31st, 1929, there were eight magistrates acting as such for Harlan County and that there were only six magistrates present at said meeting and that the other two magistrates did not have any notice, knowledge or information of said meeting and were not present and by reason thereof each and all of the orders of said meeting are void and of no effect.

"Third: Because the members present at said meeting on December 31st, 1929, did not get through their business on said date and agreed to adjourn until January 2nd, 1930, to reconvene and sign up and approve the orders of the meeting of December 31st, 1929, and that said members did reconvene on said date, January 2. 1930, and all of them went in a body, with the defendant, E. M. Howard, to view and look over the acre of ground that they had attempted to purchase for pauper grave yard and after viewing the ground they returned to the court room and five of said members voted to cancel the order made to purchase said cemetery lots and two of the members present voted against same. A copy of the order is filed herewith and made a part hereof and marked 'Exhibit B' and a copy of the order first attempted to buy said lot which was made by the clerk, is filed herewith and marked 'Exhibit C' and a copy of the minutes attempted to be made by the jailer is filed herewith and marked 'Exhibit A.' The plaintiff states that the county judge and clerk tried to persuade and insisted on the magistrates signing up and approving the orders as drawn by the clerk purporting to be the orders made at said meeting on December 31st, 1929, but that they refused to do so and thereupon the Judge and two magistrates went into the clerk's office and signed said orders without ever having same read to the court and then had a reconvening order made following his

signature and the actions of the magistrates on the 2nd day of January, 1930, as recorded in the Fiscal Court order book was read to said magistrates and approved by five of them and the county judge and two of the magistrates failed and refused to sign or approve said orders. The full and complete orders made by said magistrates at their second days meeting is filed herewith and made a part hereof and marked Exhibit 'D.'

"Fourth: Plaintiff states that said order is void because said Fiscal Court had no legal power or authority to make such an investment at the expense of the county or to pay such an unreasonable sum for such a small piece of ground for the purpose of a pauper grave yard; that the ground purchased and the boundary set out and described is so indefinite that it cannot be located from the boundary or description set out in the deed; that a great deal of the ground can not be used for a cemetery because of rock and cliff extending from under the ground and close up to the top of the ground; that the exorbitant and unreasonable price attempted to be paid for said cemetery lots is so unreasonably high that this is sufficient within itself to show fraud on the face of the transaction; that there are many other spots just as convenient around Harlan town that can be bought from $25.00 to $100.00 per acre that will be just as desirable as the ground attempted to be sold herein.

"The plaintiff states that the defendant, E. M. Howard on December 31st, 1929, received the above claim for $5,481.00 and immediately took same to the defendant, Citizens National Bank of Harlan, Kentucky, and endorsed said claim to the defendant, Citizens National Bank, and that they now have possession of said claim and for that reason they are made defendants herein.

"Wherefore plaintiff prays that said claim be cancelled and held for naught and that the County Treasurer be ordered and directed not to pay said claim and for all equitable relief.

"Harlan County,
"By J. B. Carter, County Attorney."

The prayer of the instant petition was that the defendants "and each of them be enjoined and restrained

from proceeding or attempting to proceed as a fiscal court in attempting to make any orders affecting the validity of warrant No. 319, or from hearing or attempting to hear or determine any purported action of Harlan County, By Etc. vs. E. M. Howard and Citizens National Bank, either singly or collectively or as a fiscal court or otherwise and for all other proper relief to which he may show himself entitled, and for his cost herein expended. And upon the final hearing that injunction or restraining order be made permanent." •

The county judge and members of the fiscal court filed a demurrer to the petition and asked that the restraining order issued by the clerk be discharged. The Citizens' National Bank filed an answer pleading that it was a holder in due course of the warrant, and purchased same without notice of any defect therein. The county judge and members of the fiscal court filed a demurrer and also a reply to the separate answer of the Citizens' National Bank in which they denied that the bank had purchased the warrant and was a holder in due course. Thereupon the Citizens' National Bank filed an amended answer, counterclaim, and cross-petition in which it reiterated the allegations of its original answer, alleged it was the owner and holder in due course of the warrant, and that plaintiff, Howard, was primarily liable thereon. By way of cross-petition it set out substantially the same facts contained in the petition, and alleged that plaintiff indorsed, sold, delivered, and discounted the warrant to it in due course of business, and that it was the holder of it in due course. It further alleged that taxes for 1930 had been collected at the hands of proper authorities of Harlan county, and that they were refusing to pay the warrant. It joined in plaintiff's prayer for an injunction, and also asked judgment on its counterclaim and cross-petition against Harlan county for the amount of the warrant, with 6 per cent interest from January 1, 1930. Plaintiff, E. M. Howard, filed a reply to the separate answer, counterclaim, and cross-petition of the Citizens' National Bank, in which he denied that he was primarily liable on the warrant, and stated that his liability was only secondary. Later on plaintiff, E. M. Howard, filed an amended petition in which he stated that the allegations of the cross-petition of the Citizens' National Bank were substantially correct and were adopted as part of the amendment. He further alleged that, the validity of the warrant having been called in question by the officials

of Harlan county, he and the Citizens' National Bank were entitled to judgment on the warrant in the sum of $5,481 for the use and benefit of the Citizens' National Bank. The pleading concluded with a prayer for judgment and for an order restraining the defendants from taking any action affecting the warrant. Thereupon the county judge and members of the fiscal court filed a demurrer to the amended petition.

The court overruled the demurrer to the original and amended petition, and, the county judge and members of the fiscal court having declined to plead further, judgment was rendered against Harlan county for the amount of the warrant and interest in favor of plaintiff, E. M. Howard, for the use and benefit of the Citizens' National Bank, and the county judge and members of the fiscal court were permanently enjoined from meeting and taking any action in regard to the warrant. From that judgment this appeal is prosecuted by the county judge and the members of the fiscal court.

It will be observed that the only question presented is: Whether the court erred in sustaining the demurrer filed to the original petition? The sole relief sought by it was prohibitive or preventive orders and processes against the fiscal court and its members to stop it and them from questioning the validity of the order of purchase made and entered at the special term of the fiscal court held on December 31, 1929, upon the ground that it had no authority or jurisdiction to do so. The proceedings pending in the fiscal court which the petition sought to prevent had been set for a day for hearing, and it was to forestall its hearing on that or any other day that plaintiff's petition was filed and which was at the time the sole relief he asked for. Unless some valid grounds or reasons existed to the contrary, the fiscal court had jurisdiction over its orders and could alter and correct them, not only to conform to the facts, but also to conform to the law measuring the rights, powers, and procedure of such courts, and, therefore, the presumption would be that the fiscal court of Harlan county contemplated only such action within its jurisdiction as it had the right to take, and, that being true, it devolved upon plaintiff in this action, filed by him in the Harlan circuit court, to point out and show that the fiscal court was about to proceed, not only in an unauthorized manner, but also outside of its jurisdiction and all of which was necessary in order to entitle plaintiff to the prohibitory or

injunctive relief that he sought. Hence, as a foundation therefor, and in aid of his averments, he filed as an exhibit with his petition, and as a part of it a written recitation of the grounds forming the basis of the contemplated action by the fiscal court, and which plaintiff contended did not confer jurisdiction upon that court, and it therefore was about to act to his detriment without the necessary jurisdiction. We therefore conclude that the exhibit inserted above (which is a copy of the petition filed in the fiscal court of Harlan county on relation of its county attorney) was one of the character mentioned in section 120 of the Civil Code of Practice rather than one dealt with in section 128 of the same Code. The exhibit was more than evidentiary in its scope and purpose, since, as we have seen, without the matter therein appearing the Harlan circuit court would not and could not know whether or not the grounds existed for its interference, and it was manifestly the duty of plaintiff herein to develop the true situation in his pleading, and which he did by making the grounds, as contained in the paper filed in the Harlan fiscal court, a part of his petition. We hold, therefore, that it, in part at least, formed the foundation of his action and was and is such a writing and exhibit as is contemplated by section 120, supra, of the Civil Code.

It is true that the form of the attempted procedure in the fiscal court calling in question the validity of its purchasing order is criticised by counsel for plaintiff, and to the extent of his insisting that the remedy afforded by section 518 of the Civil Code of Practice may not be employed in the fiscal court, but we do not deem it necessary to determine that question, since it is our conclusion that the form of the procedure adopted by the county attorney in the fiscal court to expunge of record its alleged prior void order is immaterial, and that, if it should be held that there was no necessity for a formal petition to be filed in that court in order to question the validity of the prior purchasing order made by it, yet the application, though styled and framed as a petition, would have the effect, and will be treated as a motion by the county attorney in the name of the county to obtain the same relief with accompanying grounds in support thereof. If the latter course had been pursued by the county attorney, then plaintiff in this case, in order to make his petition good, would be required to point out the grounds for the contemplated action by the fiscal

court, so that it might be seen whether or not they were sufficient to authorize its contemplated action, and, if not, then to obtain the relief sought by his petition.

In the notes to section 120, supra, of the Civil Code, will be found collected a number of cases from this court construing it and in which it was held, without any opinion to the contrary, that "an exhibit filed under this section will not supply an omitted essential averment, but it will cure and aid a defective allegation," and "exhibit filed which contradicts averments of pleading must control," and that "an exhibit which contradicted the pleading with which it was filed made that pleading bad on demurrer. Durham v. Elliott, 180 Ky. 724, 203 S. W. 539." See, also, the cases of Bailey Construction Co. v. Cornett, 198 Ky. 143, 248 S. W. 235; Nixon v. Gammon, 191 Ky. 175, 229 S. W. 75; Noble v. People's Stock & Poultry Feed Co., 189 Ky. 549, 225 S. W. 491; Kalfus v. Davie's Ex'r, 164 Ky. 390, 175 S. W. 652, and others referred to in those opinions, and still others incorporated in the notes to the section.

In the exhibit filed with the petition in this case a number of grounds are incorporated attacking the validity of the order of the fiscal court made at its special term on December 31, 1929, by which it purchased the cemetery lot from plaintiff, and, at least some of which, if true, rendered that order absolutely void, but none of which are contradicted by any pleading of any of the beneficiaries in the judgment questioned by this appeal. Before discussing any of those grounds it might appropriately be said that, since the fiscal court, as we have observed, has jurisdiction over its orders, at least to the extent of not unlawfully impairing acquired rights, it was the duty of plaintiff and the other beneficiaries of the judgment to have appeared in the fiscal court and contested such invalidating grounds, and not to have employed this collateral prohibitive procedure, which does not lie except when the court or defendant sought to be prohibited, is attempting to proceed without jurisdiction to act. But we have concluded for the purposes of the case to put aside that view on this hearing, since if it should be discarded, the petition herein is still defective for the reasons which we will now proceed to point out.

The exhibit in this case says: "That said order (the purchasing order) and claim is absolutely void and should be set aside by the court (fiscal court) and held

for naught for the following reasons." There are four of them enumerated, the second of which says that at least two members of the fiscal court on December 31, 1929, when the purchasing order was made, were not present at that meeting, nor were they ever notified of any such contemplated meeting, and such facts, if true (and which the demurrer admitted), rendered the entire proceeding at that term absolutely void under the doctrine announced by this court in the case of Meadors v. Williams, Judge, 163 Ky. 398, 173 S. W. 1114, 1115. In the course of that opinion it is said: "The law is that, when a called or special meeting of a fiscal court or any public body is held, it is indispensable to the validity of the act of the body or court at that meeting that each and all of the members of the body or court should have personal notice of the time when the meting is to be held, if it is practicable to give each of them such notice, so that each and all of them may be present if they so desire. But, of course, if all of them are present at the meeting, the fact that they did not have notice will not affect the validity of the meeting, as the presence of the members dispenses with the necessity for notice." Other cases from this and other jurisdictions, as well as standard text authorities, are cited in support thereof.

The third ground is a statement that the proceedings of the fiscal court taken at the special term on December 31, 1929, were not written up on the minutes or records of the court, or properly signed on that day, and that the term was adjourned until January 2, 1930, at which time the orders were still not signed as required by law, and that before they were so verified the meeting held on the adjourned day voted to rescind the purchasing order, but that before the rescinding order could be entered and properly signed the then judge of the county court, out of the presence of the other members of the fiscal court, subscribed his name to the entry of the purchasing order and to thereby, for the first time, render it of legal effect. Section 1842 of our present Statutes requires that the meetings and proceedings of fiscal courts shall be entered and publicly read by the clerk of the court, "and the same shall be signed by the county judge or presiding judge, with the approval of the justices of the peace present when the court was held." Section 1843 prescribes that "no minute or order of the fiscal court shall be valid until the same be read and signed as aforesaid, nor unless the record shows by whom the court was held." It is there-

fore conclusive (if this ground is true) that the purchasing order had no legal efficacy on the day of the adjourned meeting on January 2, 1930, and that the signature of the county judge to it made on that day, for the first time, was not done in the presence of or with the approval of the other members of the fiscal court.

The fourth ground of attack made in the exhibit under consideration contains facts which, if true (and they are also admitted by the demurrer), are, as stated therein, ''sufficient to show fraud on the face of the transaction,'' because of the exorbitant and unreasonable price as is alleged therein, plus the natural inadaptability of the acre of ground to be purchased for burial purposes on account of natural rock formations preventing its use as such. It is not necessary, however, for us to determine whether each of the separate grounds that we have referred to is sufficient to render the purchasing order void, since there can be no doubt that the second one has that effect. That being true, the fiscal court not only had the right and the authority to set it aside at the behest of the county attorney representing the county, but it was its duty to do so, and the fact that he sought to employ an informal procedure for the accomplishment of that purpose (if indeed he did do so) did not destroy or in any wise curtail the right of the fiscal court to hear and determine the application in accordance with the facts.

If the purchasing order was void, then subsequent action based thereon looking to its execution falls with it, and which would also render void the warrant issued thereon by the county clerk and would disentitle plaintiff or his transferee to the right to a judgment against the county for the amount of the warrant.

We therefore conclude that the court erred in overruling the demurrer to the petition, and the judgment is reversed, with directions to set it aside and for proceedings consistent herewith.

Whole court sitting.