# Louisville & N. R. Co. v. Bullitt County.

(Decided Feb. 14, 1933.)

ASHBY M. WARREN, WOODWARD, HAMILTON & HOBSON, and J. F. COMBS for appellant.

A. E. FUNK, Jr., for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The sufficiency of the petition as amended when tested by a demurrer is presented by this appeal. It is conceded that a county cannot contract except through the fiscal court acting in a body and speaking through its records (Holbrook v. Letcher County, 223 Ky. 597, 4. S. W. [2d] 382), and for a purpose expressly provided by the statutes. Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012. It is not disputed that the petition as amended sets forth facts sufficient to constitute a cause of action on a contract with the county. With the original petition the order of the fiscal court approving the contract, and the contract itself, were not filed. The county entered a motion, which was sustained by the court, to require the plaintiff to file the contract upon which its cause of action was based, and the order of the fiscal court showing that it was executed, by and through the fiscal court, or approved by it. In obedience to the ruling of the court there was filed the following:

"Special Term Bullitt Fiscal Court held 15th day of May 1911. Adjourned over from May 1st, 1911. Present Leroy Daniel, Judge.

"Moved by Coakley, seconded by Bell that the contract between Bullitt County and the L. & N. R. R. Company, concerning the bridge over the railroad at The Gap in Knob be and is approved and ordered to be recorded."

Immediately below this was copied a contract and an attestation, signed by the clerk of the county court. This contract purports to have been signed by the Louisville & Nashville Railroad Company on May 2, 1911. It is recited in the contract that the railroad company and the county agreed to relocate a certain county highway, grade and macadamize it, and erect a bridge of certain dimensions, with designated material; the railroad company to furnish creosoted form bents, resting upon concrete pedestals, superstructure to have iron stringers on which wooden floor joists were to rest, and floor and handrails to be erected, the county to accept it, and to assume the responsibility and expense of maintaining the floor of the bridge; all other parts to be maintained by the railroad company. The contract contains this clause:

"This contract is accepted by the party of the second part by attaching its signature hereto, and by the party of the second part by having same entered of record on the orders of the fiscal court of the county."

The above order of the fiscal court and contract constitute the foundation of the plaintiff's cause of action. It is argued by the county that the exhibit contradicts the averments of the pleading, and, under the prevailing rule, the exhibit must control. Ky. Mut. Sec. Fund Co. v. Logan's Adm'r, 90 Ky. 364, 14 S. W. 337, 12 Ky. Law Rep. 327; Hudson v. Scottish Union & Nat. Ins. Co., 110 Ky. 722, 62 S. W. 513, 23 Ky. Law Rep. 116; Kalfus v. Davie's Ex'r, 164 Ky. 390, 175 S. W. 652; Nixon v. Gammon, 191 Ky. 175, 229 S. W. 75; Howard v. Howard, 236 Ky. 557, 33 S. W. (2d) 635. The petition as amended sets out correctly and adequately the terms and conditions of the contract, and charges that it was accepted by the fiscal court, and that the order accepting it was entered of record, at a meeting regularly called, at which a quorum of the fiscal court was present, and then the order was signed by the county judge of Bullitt county.

It is earnestly and vigorously insisted by the county that the copy of the order and of the contract upon which the railroad company relies, as the foundation of its cause of action, contradicts the allegations of the petition as amended, and therefore it is bad on demurrer. Durham v. Elliott, 180 Ky. 724, 203 S. W. 539.

This rule of practice is not disputed. It is stated in briefs that the trial court interpreted the order of court, which is part of the exhibit, as merely showing that a motion was entered to accept the contract, but not acted upon by the fiscal court, and upon this ground the demurrer was sustained to the petition. The language of the order neither authorizes nor justifies such interpretation. Not only does the language of the order connote that the motion was made and seconded to approve the contract, but it expressly states that "it is approved and ordered to be recorded." In Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553, 554, and Danville, Dix River, etc., Co. v. Lincoln County Fiscal Court, 77 S. W. 379, 25 Ky. Law Rep. 1162, orders of the fiscal court, in form and substance identical with the one in the present case, were involved, and were

held by this court adequate for the purpose for which they were intended, and that the respective counties were thereby bound and liable. In the Carter Case the order reads:

"Moved and seconded that Jas. P. Bailey be and he is hereby authorized to see P. M. McRoberts and secure him as one of the arbitrators in a settlement between Lincoln county and F. Krueger & Son."

In the Danville, Dix River, etc., Co. Case, the order reads:

"Moved and seconded that this court accept the proposition of J. S. Robinson, president of the Danville, Dix River & Lancaster Turnpike Road Company, at the price of twelve hundred and fifty ($1,250) dollars, for 3¾ miles of said road in Lincoln county, for the individual stock owned in said road, it being 51/92 part of the whole road, including one-half of two bridges—one across Dix river, and the other over Hanging Ford creek. The same to be paid for as follows: $312.50 to be paid out of the levy of 1898, $312.50, out of the levy of 1899, $312.50 out of the levy of 1900, and $312.50 out of the levy of 1901; all sums to bear interest at the rate of five per cent. until paid. The insurance on the bridges is to be transferred at once, there being $1,000 on each bridge."

Section 1842, Ky. Statutes, provides:

"Before every adjournment the minutes of the proceedings of said court shall be publicly read by the clerk of the court, and corrected, if necessary; and the same shall be signed by the county judge or presiding judge, with the approval of the justices of the peace present when the court was held."

Section 1843 reads:

"No minute or order of the fiscal court shall be valid until the same be read and signed as aforesaid, nor unless the record shows by whom the court was held."

These sections are mandatory (Meadors v. Williams, 163 Ky. 398, 173 S. W. 1114; Howard v. Howard, 256 Ky. 557, 33 S. W. [2d] 635); but where the records

do not show that the minutes of the court were publicly read by the clerk or signed by the county or the presiding judge with the approval of the justices, and the record is regular on its face, it will be presumed that the minutes were read by the clerk and signed by the judge, with the approval of the justices. Grayson County v. Rogers (Ky.) 122 S. W. 866; Kozee v. Com., 139 Ky. 66, 129 S. W. 327; Morgan v. Champion, 150 Ky. 396, 150 S. W. 517; Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136. A copy of the order presented with the petition as amended in the present case, recites, "present; Leroy Daniel—Judge." The order itself states that it was "moved by Coakley, seconded by Bell &c." While the caption does not show that Coakley and Bell were present, the language of the order is sufficient to show their presence, making the two justices and the county judge present at the time of the entry of the order. Section 142 of the Constitution of Kentucky, provides that:

> "Each county now existing, or which may hereafter be created, in this state, shall be laid off into districts in such manner as the general assembly may direct; but no county shall have less than three nor more than eight districts, in each of which districts one justice of the peace shall be elected as provided in § 99."

Section 144 of the Constitution contains this language:

> "Counties shall have a fiscal court, which may consist of the judge of the county court and the justices of the peace, in which court the judge of the county shall preside, if present. * * * A majority of the members of said court shall constitute a court for the transaction of business."

The county judge is a member of the fiscal court, and has the same power as the other members. Bath County v. Daugherty, 113 Ky. 518, 68 S. W. 436, 24 Ky. Law Rep. 350. While in the petition as amended it is alleged "that on May 15, 1911, said contract was accepted by Bullitt county, acting through its fiscal court, and had the same entered of record in the orders of the fiscal court of said county, which said orders were signed by the county judge of said county, and at a meeting regularly called, and at which a quorum was present," it does not disclose that at that time there

were elected and in office more than three justices of the peace. We are not authorized to say or to presume that the fiscal court was composed of more than three justices and the county judge, and at that time Coakley, Bell, and Daniel did not constitute a quorum.

The exhibit, or the order of the fiscal court, does not purport to embrace the adjourning order, nor to show that the orders at the close of that session of the fiscal court were or were not signed by the county or the presiding judge.

It is a matter of general knowledge that orders of the county or fiscal court are not signed by the county or presiding judge at the end of each order. Indeed, the statutes prescribe no such requirement. As long ago as Dye v. Knox, 1 Bibb, 575, it was held by this court that "county (fiscal) courts have the power to adjourn from day to day, but they are not required to adjourn each day when they cease to transact business. They may, if they see proper, treat the entire time they are in session as one day, and make and sign but one adjourning order." The same rule was reiterated in Garrard County Court v. McKee, 11 Bush, 238, and in Com. v. Howard, 99 Ky. 542, 36 S. W. 556, 18 Ky. Law Rep. 412. The records of their proceedings, however, do not become binding until they are signed by the judge. Equitable Trust Co. v. Bays, Adm'r, 190 Ky. 91, 226 S. W. 390.

The law presumes the verity of official records (Middleton's Adm'r v. Hensley, 52 S. W. 974, 21 Ky. Law Rep. 703), and that public officials discharge their official duties. This presumption is controlling until the contrary is affirmatively charged and shown. Such has been the prevailing rule beginning with the case of Hickman v. Boffman (1808) Hardin (3 Ky.) 356; including Shanks, Auditor v. Northcutt, Ex-sheriff (1928) 223 Ky. 138, 3 S. W. (2d) 208. This presumption must prevail in this case.

As to whether the signature of the presiding judge of the fiscal court was affixed on the order book at the close of the session of the court at which the order which is a part of the exhibit was entered, the exhibit itself is silent. It cannot be regarded that the exhibit or copy of the order, because of its silence in this respect, is conflicting with the allegations of the petition

as amended so as to bring the case within the general rule that, where the pleading is contradicted by an exhibit, it is bad on demurrer.

If the exhibit purported to be the entire record of the court made at that session, or if the petition as amended admitted it so to be, a different rule would prevail. The motion to require the filing of the order and contract did not include the adjourning order of the fiscal court, followed by the signature thereto. It was the duty of the county, if it desired the adjourning order to be included with the copy of the order and contract filed, to include it as a part of its motion. The absence of the adjourning order is not ground for sustaining a demurrer to the petition.

For the reasons indicated, the judgment is reversed for proceedings consistent herewith.