## Hoskins, Co. Atty., et al. v. Asher.

(Decided June 10, 1938.)

108

M. C. BEGLEY for appellants.

J. H. ASHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Leslie Circuit Court by which it sustained a demurrer to and dismissed the petition of the appellant, Will C. Hoskins. Appellant is the county attorney of Leslie County. He brought this suit in the circuit court to enjoin the appellee, McKinley Asher, from attempting to collect a claim against the county of $700 which it is alleged that the fiscal court attempted to allow him for damages done to a lot and building. It is asserted that the order of the fiscal court under which the claim is made is invalid and void for the reason that it was never read or signed by the county judge or presiding judge with the approval of the justices present at the meeting, as is required by Sections 1842 and 1843 of the Kentucky Statutes. A copy of the order is filed with the petition, and it appears to have been signed by all five of the justices of the peace who were present, but it was not signed by the county judge, who, the order shows, was present and presiding.

So far as this record shows, appellee has not sought to collect the claim and has made no attempt by mandamus or otherwise to require the county judge to sign the order. Compare Kavanaugh v. Chandler, 255 Ky. 182, 72 S. W. (2d) 1003, 95 A. L. R. 273. Of course, if the order were valid there would be no basis for this suit. We may assume, for present purposes, therefore, that the order is invalid. Louisville & Nashville Railroad Company v. Bullitt County, 247 Ky. 489, 57 S. W. (2d) 506; Harlan County v. Howard, 246 Ky. 791, 56 S. W. (2d) 365. The fiscal court is a court of record, and its orders are not subject to collateral attack. Kenton County v. Jameson, 150 Ky. 440, 150 S. W. 528. Assuming the invalidity of the order, appellant could still have moved to set it aside and have prosecuted an appeal to the circuit court in the event his motion was denied. Civil Code of Practice, Section 763. Instead of following this procedure, he has sought collaterally to

avoid the effect of the alleged order by securing an injunction in an original proceeding in the circuit court. The vice inherent in this strategy is readily apparent when it is considered that perhaps half a dozen other claims are sought to be allowed in the same order with the one here involved. An adjudication of the validity of the order allowing the Asher claim would necessarily determine the rights of these other claimants under the same order, although they would have no opportunity to be heard thereon. The chancellor did not err in sustaining the demurrer to the petition.

Judgment affirmed.